Matthew M. Levy, J.
The defendants move for an order changing- "the place of trial of this action from the County of of New York to the County of Westchester.
In their demand, duly served, for a change of venue, the defendants ask that the ‘ ‘ place of trial of this action be changed from the County of New York to the proper county, to wit, the County of Westchester. Said change is demanded upon the ground that the convenience of material witnesses and. the ends of justice will be promoted by such change.” The plaintiff failed to consent to such change (Rules Civ. Prac., rule 146). The defendants thereupon moved in Westchester County to have the cause transferred to that county. The motion was denied without prejudice to renewal in New York County. The defendants then moved before me in New York County for a change of venue ‘ ‘ upon all the grounds set forth in the Civil Practice Act, Rules of Civil Practice and the demand for change of venue heretofore served and more particularly upon the ground that the convenience of material witnesses and the ends of justice will be promoted by such change, and for such other and further relief as to this court may seem just and proper.”
One Merowit had entered into a contract with the defendants, under which he was to erect a house for them. The. plaintiff is the assignee of Merowit and sues for the contract price. The defendants plead (by way of defenses and counterclaim) that Merowit did not substantially perform the contract, in that the house was defectively built. The plaintiff is a resident of New York County. Merowit and the defendants are Westchester residents. The contract was entered into in Westchester. The house was to be built there. The assignment to the plaintiff appears to have been made for the purposes of suit, for the papers disclose that Merowit is the real party in interest.
The moving parties urge, principally, that they are entitled to a change of venue on the ground of convenience of material *417 witnesses. Twenty-three witnesses are listed, all of whom live in Westchester County. In the main, the respondent on the motion presents the issue as to whether, under the established precedents, the moving papers are adequate (Civ. Prac. Act, § 187). For example, it is urged that they are defective in that there is no affidavit of merits (Iron Nat. Bank of Plattsburgh v. Dolge, 46 App. Div. 327); in that they fail to disclose the substance of the testimony which the proposed witnesses will give at the trial (Simpson v. Parkville Amusement Corp., 247 App. Div. 845); in that they do not show how their testimony is material for the defense of the action (Rieger v. Pulaski Glove Co., 114 App. Div. 174); in that while the proponents have disclosed the general subject of the testimony of the witnesses, they specify no facts to which any of them will testify (Gough v. Estes, 278 App. Div. 734); and in that no special circumstances have been shown tending to indicate that the interests of justice will he served. The opposition also argues that corporations as such (so listed by the defendants) could not be witnesses (Potolski Int. v. Parsons & Whittemore, Inc., 282 App. Div. 999); and that the court should not consider the convenience of expert witnesses (Seafir v. Shutts, 190 App. Div. 518; Cramer v. Cohn, 257 App. Div. 1098), the parties and employees of the parties (Hoffman v. Boston & Maine R. R. Co., 259 App. Div. 958).
It may he that, in some respects, the moving papers are deficient. And it does not appear that the defendants’ motion for a change of venue to “ the proper county ” was made in due time (Bules Civ. Prac., rule 146). But this application, in my view, is not to be processed as an ordinary motion for a change of venue. For, while section 184-a of the Civil Practice Act (enacted in 1941) has not been cited by counsel, I have come to the conclusion that it is that statute which must be read in connection with — if indeed it does not govern — my determination of this matter. It reads as follows:
‘ ‘ Except as otherwise provided in this act, an action in the supreme court for a sum of money only, brought by an assignee, other than an assignee for the benefit of creditors or a holder in due course of a negotiable instrument, must be tried in the county in which the original claimant or the defendant, or one of the defendants, resided at the commencement of the action, or in the county in which the contract sued on was made or was to be performed or the cause of action or some part thereof otherwise arose; provided that no cause of action shall be deemed to have arisen and no contract shall he deemed to be performahle, in a particular county merely because that is the *418 county of the assignee’s residence. If no county in the state is thus qualified to be the place of trial, the action may be tried in any county which the plaintiff designates for that purpose in the title of the summons or complaint. The court may, however, in any event change the place of trial as provided in section one hundred and eighty-seven of this act.
“ In an action by an assignee as aforesaid, a judgment shall not be rendered in favor of the plaintiff upon the defendant’s default in appearing, unless it is shown to the court’s satisfaction, by affidavit or other written proof, that the county in which the action is pending is qualified under this section to be the place of trial.”
I have quoted the statute in full because merely from its reading it is plain that the Legislaure’s obvious intent was to discourage the bringing of a lawsuit by an assignee in the county of his residence, and to prevent an action from being prosecuted in a chosen county by the device of assigning the cause of action to a resident of such county (Sixth Annual Report of N. Y. Judicial Council, 1940, pp. 303, 304-307). It is my view, in the light of this legislative pronouncement and of our own calendar congestion, that — in a case where the plaintiff is an assignee who comes into the picture of the controversy solely by reason of the assignment and is merely a nominal party in interest — the usual requirements to effectuate a change of venue need not be strictly enforced.
In the circumstances, I hold that this cause should be transferred to Westchester County, even though the technical conditions as to a change of venue may or may not be here satisfied to the hilt — whether we consider the motion from the point of vieAV of the convenience of material witnesses (Civ. Prac. Act, § 187, subd. 3) or from the viewpoint of a change to the proper county (Civ. Prac. Act, § 187, subd. 1). The court has inherent poAver, I think, thus to control the intake of litigation, so long as there is no prejudice to a substantial right of a litigant (cf. Carnes v. Zanghi, 4 Misc 2d 815).
A change of venue is directed here, as a matter both of right and of discretion, and on the court’s own motion as well as that of the defendants.
Settle order.