■ Walter Koschak, Jr., et al., Respondents, v Gates Construction Corporation, Appellant. [639 NYS2d 10]

This litigation was instituted in December 1990 by plaintiffs Walter and Carol Koschak. Plaintiffs seek recovery for personal injuries allegedly sustained by Walter Koschak on March 8, 1989 while working on a barge in Liberty State Park, New Jersey. At the time of the accident, plaintiffs resided on Staten Island, and defendant maintained its principal place of business in Little Ferry, New Jersey.

In an affidavit dated August 2, 1993, Walter Koschak stated that, on December 3, 1990, some eighteen months after the subject occurrence and just seven days before the complaint was verified, plaintiffs moved to 117 Pilot Street in the City Island section of the Bronx. In the course of subsequent hearings, it was disclosed that the house to which plaintiffs relocated had been purchased on October 26, 1990 by Paul C. Matthews, the attorney who then represented them. Matthews conceded that the contract of sale had been assigned to him by plaintiffs after they had been refused financing to acquire the home. Carol Koschak admitted that plaintiffs could not have moved to City Island without Matthews' help and that plaintiffs paid no rent for the first fourteen months of their occupancy.

By their own admission, plaintiffs owed Matthews a sum in excess of $23,000. However, in view of the failure to produce either receipts demonstrating payment of rent or Matthews' tax returns declaring rental income, plaintiffs offered no proof that their alleged payment of some $29,400 (comprising both rent and the cost of improvements to the dwelling) was actually made. Indeed, Matthews subsequently conceded that he had not declared any rental income for the premises. It is further evident that affidavits submitted by plaintiffs to this Court, in connection with a motion to disqualify counsel, falsely represented the circumstances under which they came to reside in their current abode.

Defendant originally brought its motion to change venue to

Richmond County in July 1993. A subsequent affidavit by defense counsel in support of the motion states that he first learned from another attorney during June 1993 that Matthews might "own real property in the Bronx and that he might be harboring clients in said property." Supreme Court denied the motion to change venue based upon a finding that, at the time suit was instituted, plaintiffs actually resided in Bronx County.

The paramount concern of this Court is the preservation of the integrity of the judicial process. It does not advance that end to permit a party to obtain what is perceived to be an advantageous forum by rank manipulation of the rules for setting venue. While Supreme Court's decision is in accordance with the letter of the law, our courts have eschewed literal application of venue rules to preclude forum shopping (*e.g., Philogene v Fuller Auto Leasing*, 167 AD2d 178, 179 ["misleading tactics of plaintiff's attorney"]; *Turner v Turner*, 84 Misc 2d 229 [transitory residence]; *Saphir v Kruse*, 5 Misc 2d 415 [assignment of claim]). Where, as here, venue is designated as a result of duplicity, in which plaintiffs have participated, it amounts to a fraud upon the court and will not be permitted to stand.

We note that defendant moved promptly after learning of the circumstances to change venue (CPLR 511; *Roman v Brereton*, 182 AD2d 556) and that litigation of this matter in Richmond County, the situs of the accident and plaintiffs' former residence, will not represent an inconvenience to either side. Concur—Rosenberger, J. P., Wallach, Rubin and Tom, JJ.