■ TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, Respondent, v CITY OF NEW YORK, Appellant. [702 NYS2d 810] —Order, Supreme Court, New York County (Louis York, J.), entered December 30, 1998, which, to the extent appealed from as limited by the brief, denied defendant's cross motion for summary judgment and for leave to assert its proposed sixth through ninth defenses, set-offs and counterclaims, unanimously modified, on the law, the facts, and in the exercise of discretion, to grant defendant leave to assert its proposed seventh through ninth defenses, set-offs and counterclaims, and otherwise affirmed, without costs.

That branch of defendant City's cross motion seeking summary judgment dismissing the complaint was properly denied since the refusal of plaintiff's former employee to respond to deposition questions concerning the bribes he allegedly accepted while managing the subject construction project did not constitute grounds for dismissal of the action.

Also proper was the denial of that branch of defendant's cross motion seeking leave to amend its answer to include allegations that Tishman fraudulently awarded contracts to a contractor after one of its former officers accepted a bribe since, other than the former officer's refusal to testify, there was no basis for the amendment.

There was, however, sufficient basis for the City's proposed allegations that Tishman misrepresented to another contractor that the prevailing wage requirement would be waived, and that that misrepresentation resulted in a low bid accepted by the City on Tishman's recommendation with consequences damaging to the City; and, contrary to the motion court's view, the City was not estopped from including these allegation in its answer. Even if an estoppel against the City might be premised on an awareness by it prior to the parties' Second Amendatory Agreement that the subject misrepresentations

had been made by Tishman, the present state of the record does not permit the conclusion that the City in fact was aware of the misrepresenations before entering into the Second Amendatory Agreement. Accordingly, that branch of the City's cross motion seeking leave to assert its proposed seventh through ninth defenses, set-offs and counterclaims should have been granted. Concur—Rosenberger, J. P., Ellerin, Wallach and Saxe, JJ.