■ MING-LIANG P. CHUNG et al., Respondents, v EXPRESS TOURS, INC., et al., Appellants. [715 NYS2d 417] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Held, J.), dated September 1, 1999, which denied their motion for partial summary judgment dismissing the causes of action asserted by the plaintiffs Jiang Yi Wang and Sandy Liu, and to change the venue of the action from Kings County to Richmond County.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the causes of action asserted by the plaintiffs Jiang Yi Wang and Sandy Liu are dismissed, and the action on behalf of the remaining plaintiffs is severed; and it is further,

Ordered that the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Richmond County, all papers filed in the action and certified copies of all minutes and entries (see, CPLR 511 [d]).

The defendants made a prima facie showing that the causes of action asserted by the plaintiff Jiang Yi Wang (hereinafter Wang) and the derivative cause of action asserted by the plaintiff Sandy Liu (hereinafter Liu) are barred by the Workers' Compensation Law. It was therefore incumbent upon the plaintiffs to raise a triable issue of fact as to whether Wang was working in his capacity as a tour guide for the defendant Express Tours, Inc. (hereinafter Express), and whether Express had obtained Workers' Compensation insurance coverage for him. The affirmation submitted by the plaintiffs' attorney in opposition to the motion was devoid of any evidentiary value and failed to raise a triable issue of fact (see, Zuckerman v City of New York, 49 NY2d 557).

Since the Supreme Court should have granted partial summary judgment dismissing the causes of action asserted by Wang and Liu, the venue of the action should be transferred to Richmond County, the county of residence of the only remaining plaintiff who resides in the State of New York (see, Tamburro v International Bus. Machs. Corp., 234 AD2d 535). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.