(February 20, 2001)

■ TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, Respondent, v CITY OF NEW YORK, Appellant. [720 NYS2d 487] —Order, Supreme Court, New York County (Louis York, J.), entered June 9, 2000, which denied defendant's motion to renew a prior motion which denied defendant leave to amend its answer to interpose defenses, setoffs and counterclaims based on newly obtained evidence, to reopen discovery and to stay the trial of this matter, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted, and the matter remanded for further proceedings.

Plaintiff Tishman Construction Corporation of New York and defendant City of New York entered into a contract in October 1987 pursuant to which plaintiff was to perform construction management services in connection with the rehabilitation and reconstruction of certain vacant multiple dwellings at the Harlem Renovation-Manhattan Project (the Project). Plaintiff's responsibilities included recommending contractors in each trade to bid on the prime contract, preparing the bid and contract documents with the goal of selecting the lowest responsible bidder, supervising sealed biddings, and recommending the award or rejection of prime contracts. The Project Executive, with overall responsibility for the Project on plaintiff's behalf, was John Bauer, a Vice President of Tishman who had full authority to bind plaintiff.

Royal Mechanical, Inc. (Royal) was awarded two prime contracts for the Project which defendant, ultimately, declared in default due to Royal's failure to perform. Defendant subsequently terminated plaintiff's management contract after the Project remained incomplete even after the date of completion had been extended. At the time plaintiff's contract was terminated, defendant maintains it was unaware that Kevin Darby, the principal owner of Royal, had paid a $100,000 bribe to Bauer which resulted in the award of the contracts to Royal.

Plaintiff commenced this action in 1992 seeking contractual payments totaling approximately $2,000,000. Defendant contends that after serving its answer, it learned that the New York County District Attorney's Office was investigating allegations made by Darby concerning Bauer's acceptance of a bribe. Darby died prior to testifying before the Grand Jury, and the investigation was closed in 1994.

The District Attorney, in 1994, allowed defendant to inspect certain records taken from plaintiff's field office at the Project site, as well as plaintiff's home office, but these did not include Bauer's bank records. Defendant, in an effort to obtain additional information, and after negotiations failed, served the District Attorney with a subpoena in October 1996, which was later withdrawn, allegedly on the strength of the District Attorney's representations that the matter could be resolved.

On March 12, 1998, defendant attempted to depose Bauer, who asserted his Fifth Amendment right and refused to answer questions regarding plaintiff, the Project, the bribe and the District Attorney's investigation. Defendant also acted on information supplied at that time by the District Attorney and served Chemical Bank with a subpoena in order to obtain Bauer's bank account records, but was informed they no longer existed.

In the interim, plaintiff moved for summary judgment and defendant cross-moved, *inter alia*, to amend its answer to interpose "Defenses, Setoffs and Counterclaims" which sought recission of the contract and damages based on Bauer's acceptance of a bribe. The motion court denied that portion of the cross motion with respect to the Bauer bribe, and found that the only evidence in support of the contention that Bauer had accepted a bribe was "rank hearsay, coupled with the fact that when two former [Tishman] employees were questioned about the matter they refused to testify, invoking instead their Fifth Amendment privilege." On appeal, this Court, *inter alia*, affirmed the denial of leave to assert the claims and defenses arising out of the bribe, holding that there was no basis for the amendment other than Bauer's refusal to testify (269 AD2d 179).

Defendant, prior to this Court's decision, moved to compel disclosure from the District Attorney and by order dated January 3, 2000, Justice Herbert Adlerberg ordered the District Attorney to disclose the bank records of Bauer and his company, Alpha Consulting, Inc., which had been obtained with a Grand Jury subpoena and search warrant. The District Attorney subsequently produced those items as well as records seized from Bauer's home, including checkbooks, bank statements and related documents, all of which defendant claims support its allegations of bribery and corruption.

Defendant thereafter moved for leave to renew its motion to amend its answer, seeking to interpose various defenses, setoffs and counterclaims arising out of Bauer's acceptance of bribes, to reopen discovery and to stay the trial. The court denied the motion and found that defendant had not met its burden of demonstrating that it could not, with due diligence, have presented the new evidence at the time the initial motion was made or at least when the appeal was perfected. Defendant appeals and we now reverse.

A motion for leave to renew is intended to bring to the court's attention new or additional facts which, although in existence at the time the original motion was made, were unknown to the movant and were, therefore, not brought to the court's attention (*Pahl Equip. Corp. v Kassis*, 182 AD2d 22, *lv dismissed in part and denied in part* 80 NY2d 1005; *Foley v Roche*, 68 AD2d 558). This requirement, however, is a flexible one and the court, in its discretion, may also grant renewal, in the interest of justice, upon facts which were known to the movant at the time the original motion was made (*Liberty Mut. Ins. Co. v Allstate Ins. Co.*, 237 AD2d 260; *Vayser v Waldbaum*, 225

AD2d 760). Indeed, we have held that even if the vigorous requirements for renewal are not met, such relief may be properly granted so as not to " 'defeat substantive fairness' " (*Metcalfe v City of New York*, 223 AD2d 410, 411, quoting *Lambert v Williams*, 218 AD2d 618, 621).

Initially, we note that the motion court correctly found that a court of original jurisdiction may entertain a motion to renew or vacate a prior order or judgment even after an appellate court has rendered a decision on that order or judgment (*Levitt v County of Suffolk*, 166 AD2d 421, *lv dismissed* 77 NY2d 834; *Harrell v Koppers Co.*, 154 AD2d 340), as long as the moving party exercised due diligence in attempting to produce the newly discovered evidence (*Levitt v County of Suffolk, supra*, at 422; *Sciss v Metal Polishers Union Local 8A*, 149 AD2d 318).

We disagree with the motion court's conclusion that defendant did not act with due diligence, however, and find that defendant provided a reasonable excuse for the unavailability of the records until the within renewal motion was made and did not improperly delay obtaining the disclosure order. The original cross motion to amend the answer was made in response to plaintiff's motion for summary judgment in January 1998, in which it was argued that Bauer's decision to invoke his Fifth Amendment right was sufficient to sustain an adverse inference regarding his acceptance of a bribe. Defendant, upon learning of the name of the bank in which Bauer kept his accounts, immediately subpoenaed the records from that bank, but was told that they had been destroyed. When the court denied defendant's cross motion to amend on the grounds that the allegations were hearsay, defendant again sought to negotiate with the District Attorney for production of the documents. When negotiations were again unsuccessful because of the District Attorney's assertion of Grand Jury secrecy, defendant appealed but also sought judicial intervention, which eventually resulted in the order directing disclosure. Since there was no strategy of delay on the part of defendant in obtaining the records, the court improvidently exercised its discretion in denying the motion to renew.

With regard to the merits of the underlying motion, it is well established that leave to amend a pleading shall be freely given absent prejudice or surprise resulting directly from the delay (CPLR 3025 [b]; *McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.*, 59 NY2d 755; *Ebasco Constructors v Aetna Ins. Co.*, 260 AD2d 287). Leave to amend will be denied, however, where the proposed claim is palpably insufficient (*Bencivenga & Co. v Phyfe*, 210 AD2d 22).

In this matter, we perceive no discernible prejudice to plaintiff as the result of the amendment. Further, the proposed amendment clearly has merit in view of the public policy designed to protect taxpayers from contracts tainted by fraud. As set forth by the Court of Appeals in *Jered Contr. Corp. v New York City Tr. Auth.* (22 NY2d 187, 193), "[a] contract procured through fraudulent and collusive bidding is void as against public policy and recovery cannot be had upon any theory." (*See also, Prote Contr. Co. v Board of Educ.*, 230 AD2d 32.) Concur—Sullivan, P. J., Rosenberger, Nardelli, Tom and Lerner, JJ.