■ Mircea Opriciu, Respondent, v Cleveland Tankers, Inc., Appellant. [747 NYS2d 848] —Appeal from an order of Supreme Court, Erie County (Flaherty, J.), entered June 8, 2001, which denied defendant's motion to change venue from Bronx County to Erie County and granted plaintiff's cross motion to retain venue in Bronx County.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: Supreme Court erred in summarily denying defendant's motion to change the venue of this action from Bronx County to Erie County and in granting plaintiff's cross motion to retain venue in Bronx County. Defendant moved to change venue as a matter of right pursuant to CPLR 511 (b) on the ground that plaintiff was not a bona fide resident of Bronx County at the time that the action was commenced (§ 503 [a]). In light of the conflicting averments proffered by the respective parties concerning plaintiff's residence, we are unable to

determine, on the record before us, whether plaintiff resided in Bronx County when the action was commenced (*see MacMaster v Sardina* [appeal No. 2], 182 AD2d 1132, 1133). In addition, we note that defendant raises serious concerns that venue in Bronx County was designated as a result of duplicity (*see Koschak v Gates Constr. Corp.*, 225 AD2d 315, 315-316). If venue is designated "as a result of duplicity * * * it amounts to a fraud upon the court and will not be permitted to stand" (*id.* at 316). Therefore, we reverse the order and remit the matter to Supreme Court, Erie County, for a hearing to determine where plaintiff resided when the action was commenced and whether defendant is entitled to a change of venue (*see MacMaster*, 182 AD2d at 1133; *Cerniglia v Combes*, 157 AD2d 499). Present— Pigott, Jr., P.J., Green, Hayes, Kehoe and Gorski, JJ.