■ JAMES MEJIA et al., Respondents, v VINCENT A. NANNI et al., Appellants. [763 NYS2d 611] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about July 11, 2002, which denied defendants' motion for renewal (incorrectly denominated a motion for reargument) of a prior order, same court and Justice, entered January 4, 2002, which had denied defendants' motion to change the venue of this action to Westchester County, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion for renewal granted, and, upon renewal, the motion to change venue granted.

The subject motor vehicle accident occurred in Westchester County, where plaintiffs reside. According to the police accident report, defendant wife, who had been the driver in the incident, told the investigating officer that she lived at an address in Westchester County, and the automobile's registration and insurance information disclosed that defendant husband lived at the same address in Westchester County. Nonetheless, plaintiffs brought this action in Bronx County, purportedly because defendant husband resided at an address in the Bronx. When defendants initially moved to change venue to Westchester County based solely on the police accident report, plaintiffs opposed the motion by submitting undated telephone directory listings for an individual with the same name as defendant husband at a Bronx address. The initial motion to change venue was denied on the ground that defendant husband failed to submit any affidavit or documentary evidence establishing his residence in Westchester County.

Defendants evidently did not appeal from the denial of their initial venue motion. They did, however, make a motion purporting to seek reargument, in support of which they submitted affidavits attesting to their residence in Westchester County at all relevant times, as well as invoices from Con Edison and AT&T addressed to them in Westchester County. Defendant husband explained that his late father, who had the same name, had formerly lived at the Bronx County address set forth in the telephone directory listings submitted by plaintiffs. The IAS court denied the second motion as well, noting that it was untimely if treated as a motion for reargument

(since served outside the time limit of CPLR 2221 [d] [3]). The IAS court further noted that, if the motion was treated as one for renewal, "as it really is," it could not be granted because defendants suggested no excuse for their failure to offer the newly submitted evidence in support of the initial motion.

We reverse and grant the change of venue. We agree with the IAS court that defendants' second motion, denominated as one for reargument, was actually a motion for renewal, since it was based on evidence not presented on the prior motion, i.e., defendants' affidavits and the invoices addressed to their Westchester County address. Although renewal motions generally should be based on newly discovered facts that could not be offered on the prior motion (see CPLR 2221 [e]), courts have discretion to relax this requirement and to grant such a motion in the interest of justice (see e.g. Daniels v City of New York, 291 AD2d 260 [2002]; Strong v Brookhaven Mem. Hosp. Med. Ctr., 240 AD2d 726 [1997]). On this record, in which the only competent evidence is that both defendants reside in Westchester County, we deem it appropriate to reverse and grant renewal of the motion to change venue in the exercise of our discretion, and thereupon direct a change of venue. Concur—Nardelli, J.P., Mazzarelli, Saxe, Rosenberger and Friedman, JJ.