■ ELIZABETH MARTINEZ, Appellant, v "JOHN" TSUNG, M.D., et al., Respondents, et al., Defendant. [789 NYS2d 474]—

Order, Supreme Court, Bronx County (George D. Salerno, J.), entered January 9, 2004, which granted the motion of defendants-respondents "John" Tsung, M.D., Janet Steinberg and Columbia Presbyterian Medical Center to change venue from Bronx County to New York County, unanimously reversed, on the law, without costs, and the motion denied.

In June 2003, plaintiff commenced this medical malpractice

action against Doctors Tsung and Clark, Janet Steinberg, C.N.M. and Columbia Presbyterian Medical Center, for failing to diagnose her appendicitis, which caused her appendix to rupture and her pregnancy to terminate. Plaintiff was received and evaluated at the Medical Center by Steinberg, a certified nurse midwife duly licensed to practice nursing in the State of New York and was thereafter treated by defendant doctors.

The summons designated venue in Bronx County based upon Steinberg's residence (see CPLR 503 [a]). Together with their answer, respondents served a demand to change venue pursuant to CPLR 511 (b) based on "improper venue." Respondents then moved to change venue based on "rank forum shopping." They asserted no other ground upon which venue could be changed (see CPLR 510).

Supreme Court granted respondents' motion to change venue from Bronx County to New York County on the ground that defendant Steinberg's "residence bears no relationship to the claim asserted by the plaintiff."

While plaintiff's choice of venue is proper under CPLR 503 (a), "our courts have eschewed literal application of venue rules to preclude forum shopping" (Koschak v Gates Constr. Corp., 225 AD2d 315, 316 [1996]). Respondents' reliance on Koschak is misplaced. Unlike the plaintiffs in Koschak, who colluded with their attorney in setting up a fraudulent living arrangement to establish venue in the Bronx, respondents allege no such fraud by this plaintiff.

Indeed, respondents' sole claim is that plaintiff has improperly engaged in forum shopping by naming a nominal party as a defendant. This claim is belied by the record. Contrary to respondents' assertion, plaintiff's medical records support her claim that Steinberg initially examined her upon arrival at the Medical Center and played a significant role in her care and treatment. Specifically, Steinberg took plaintiff's vital signs and history and performed a physical and vaginal exam. Steinberg rendered an initial evaluation and developed a treatment plan before referring plaintiff to a doctor.

Based on these actions, Steinberg could potentially be found independently negligent in her evaluation of plaintiff and her failure to make any preliminary finding of appendicitis. Indeed, courts have recognized that a nurse who renders treatment can play a significant role and is capable of committing malpractice (see Bleiler v Bodnar, 65 NY2d 65 [1985]; Bamert v Central Gen. Hosp., 77 AD2d 559 [1980], affd 53 NY2d 656 [1981]). Thus, Steinberg was more than a nominal defendant and her relationship to plaintiff's cause of action is not so tenuous as to

defeat plaintiff's venue choice (*contrast Ohrenstein v LaGuardia Racquet Club, Inc.*, 118 AD2d 515 [1986]; *John H. Dair Bldg. Constr. Co., Inc. v Mayer*, 27 AD2d 535 [1966]). Concur—Marlow, J.P., Williams, Gonzalez, Sweeny and Catterson, JJ.