■ SHIRA DANAN, an Infant, by Her Mother and Natural Guardian, RIVKA DANAN, et al., Respondents, v SINAI SPECIAL NEEDS INSTITUTE et al., Appellants. [793 NYS2d 419]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered August 17, 2004, which, in an action against a school and one of its teachers arising out of an alleged assault of the infant plaintiff by a fellow student during a sleepover at the teacher's apartment, insofar as appealable, denied defendants' motion to renew a prior order, same court and Justice, denying their motion to dismiss the complaint as barred by New Jersey's charitable immunity statute, unanimously affirmed, without costs.

The motion court did consider the import of Second Circuit's decision in *Gilbert v Seton Hall Univ.* (332 F3d 105 [2003]), decided after the motion court's initial decision denying defendants' motion to dismiss, and applying New Jersey's charitable immunity statute to dismiss a personal injury action with a New York locus, and properly found it did not warrant a change in the prior determination (CPLR 2221 [e] [2]; *Mejia v Nanni*, 307 AD2d 870 [2003]). Here, the plaintiffs and the teacher are New York residents; the school, a not-for-profit organized for religious and educational purposes serving female Jewish children with learning disabilities, is located in New Jersey; and the Sabbath sleepover at which the student was assaulted took place in the teacher's Manhattan apartment. In *Gilbert*, the school was located in New Jersey; the injured student was a Connecticut domiciliary who at all relevant times lived in New Jersey on or near the school's campus; and the rugby match at which the student was injured took place in New York. The critical difference is that the plaintiff in *Gilbert*, like the plaintiffs in *Schultz v Boy Scouts of Am.* (65 NY2d 189, 192 [1985] applying New Jersey's charitable immunity statute to dismiss an action arising out of an infant's sexual abuse in New York), was not a New York resident or domiciliary. "[W]hen the jurisdictions' conflicting rules relate to allocating losses . . . the locus jurisdiction has at best a minimal interest in determining the right of recovery or the extent of the remedy in an action by a *foreign* domiciliary for injuries resulting from the conduct of a codomiciliary that was tortious under the laws of both jurisdictions" (*Schultz* at 198 [emphasis added]). We also note the Second Circuit's reliance on the benefits that Gilbert realized by attending a school in New Jersey, in particular, a lower tuition due to the charitable immunity law (332 F3d at 109-110), and the higher tuition that plaintiffs here were required to pay the school as out-of-state residents. Accordingly, New Jersey's charitable immunity statute is not applicable, and the motion to dismiss the complaint was properly denied. Concur—Tom, J.P., Mazzarelli, Marlow, Nardelli and Sweeny, JJ.