■ GUENITA CREW, as Executrix of VALERIA FAJARDO, Deceased, et al., Appellants, v ST. JOSEPH'S MEDICAL CENTER, Respondent, et al., Defendants. [799 NYS2d 16]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered April 15, 2004, which denied plaintiffs' motion for summary judgment and granted defendant St. Joseph's Medical Center's cross motion for change of venue, unanimously affirmed, without costs.

Contrary to plaintiffs' contentions, St. Joseph's expert's affirmation did not contradict the testimony of the defendant doctors, and did credibly establish the existence of material issues of fact (*Zuckerman v City of New York*, 49 NY2d 557 [1980]).

Supreme Court properly granted defendant's motion to change venue to Westchester County. Although Dr. Sayegh's Bronx County residence provided initial justification for placement of venue in that county (CPLR 503 [a]), plaintiff's voluntary discontinuance of the action against him demonstrates that he was an improper party from the beginning (*see Caplin v Ranhofer*, 167 AD2d 155, 157 [1990]). Where venue is placed on the basis of naming an improper party, a motion to change venue should be granted upon the dismissal of that party (*Chow v Long Is. R.R.*, 202 AD2d 154 [1994]; *Caplin*, 167 AD2d at 157).

*Martinez v Tsung* (14 AD3d 399 [2005]), cited by plaintiffs, is distinguishable. *Martinez* was a medical malpractice case where venue was placed in the Bronx solely on the basis of the Bronx residence of defendant Steinberg, a certified nurse midwife who rendered an initial evaluation of plaintiff and developed a treatment plan before referring her to a doctor. Defendants based their motion to change venue on the allegation that plaintiff engaged in "forum shopping" by naming a nominal party, Steinberg, as a defendant. The trial court granted defendant's motion, but this Court reversed, finding that Steinberg "played a significant role" in plaintiff's care and treatment and, thus, she "could potentially be found independently negligent" in her evaluation of plaintiff (*id.* at 400).

Here, in contrast, plaintiffs voluntarily discontinued their case against Dr. Sayegh because they determined him to be "legally blameless," rendering him an improper party from the beginning. Nor was the appointment of decedent's executrix in Bronx County a proper basis for venue, since such appointment occurred after the action was commenced. Accordingly, as no basis exists for venue being placed in Bronx County, Supreme Court properly ordered a change of venue to Westchester County. Concur—Andrias, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.