■ WILLIAM FROBOSE, Respondent, v BERNARD WEINER, M.D., et al., Appellants, et al., Defendant. [796 NYS2d 614]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered June 4, 2004, which, insofar as appealed from, denied defendants-appellants' motions for summary judgment dismissing the complaint and any cross claims as against them, unanimously affirmed, without costs.

As between plaintiff and appellants physician and his medical practice, the parties' conflicting expert affidavits raise issues of fact as to whether, inter alia, appellants departed from the prevailing standard of care by not examining plaintiff's decedent immediately upon being advised by appellant dialysis center that decedent had contracted an infection; whether, upon examining decedent, appellants departed from the prevailing standard of care by not removing decedent's Tessio catheter if no other source of the infection was apparent, administering antibiotic therapy and monitoring antibiotic blood levels; whether such inaction contributed to decedent's endocarditis; and whether endocarditis contributed to decedent's death. We reject appellants' argument that plaintiff's expert is unqualified and that his opinion lacks evidentiary support and is speculative. As between plaintiff and appellant dialysis center, the parties' conflicting expert affidavits raise issues of fact as to whether, inter alia, appellant's staff departed from the prevailing standard of care by not immediately informing decedent's physician that decedent had contracted an infection, or arranging for the immediate removal of the Tessio catheter if no other

source of the infection was apparent; and whether the three-day delay in so informing decedent's physician contributed to her endocarditis, and whether endocarditis contributed to decedent's death (*see Martinez v Tsung,* 14 AD3d 399, 400 [2005]). Concur—Buckley, P.J., Tom, Andrias, Sullivan and Sweeny, JJ.