■ COSMO BRANCA, Appellant, v DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents. [808 NYS2d 77]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered July 15, 2005, which, to the extent appealable, denied petitioner's motion as one for renewal of a prior order granting respondents' cross motion to dismiss this proceeding to challenge the termination of petitioner's employment with the Department of Education in January 2004, unanimously affirmed, without costs.

Initially, the petition alleged that prior disciplinary charges were improperly used at the hearing on the current disciplinary charges. Following the court's dismissal of the proceeding, petitioner moved for reargument—properly treated by the court as a motion for renewal (*Mejia v Nanni*, 307 AD2d 870, 871 [2003])—on the ground that the hearing officer had denied subpoenas to petitioner's counsel for the purpose of speaking to students in petitioner's classroom (*see* CPLR 2221 [e] [2]).

Petitioner failed to provide a reasonable excuse for not submitting the "new" or additional facts about subpoenas on his original application to vacate the hearing officer's decision to terminate employment (*see Matter of Creole Enters. v Giuliani*, 240 AD2d 279 [1997], *lv denied* 90 NY2d 802 [1997], *and*

486

*dismissed* 90 NY2d 936 [1997]; *Foley v Roche*, 68 AD2d 558, 568 [1979]). Instead, he offers the vague excuse that his failure to raise the issue of witness unavailability in the original petition was due to "inadvertence caused by a change of attorneys during hearing dates." In any event, the new material would not have warranted a departure from the court's initial ruling that there was a clear and rational basis for the decision to terminate employment. Concur—Mazzarelli, J.P., Andrias, Marlow, Williams and Sweeny, JJ.