■ Carlota Yanez, Respondent, v Western Beef, Inc., et al., Appellants. [812 NYS2d 894]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Jamieson, J.), entered March 29, 2005, which denied their motion pursuant to CPLR 511 (b) to change the venue of the action from the Supreme Court, Kings County, to the Supreme Court, Westchester County.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff commenced this action in the Supreme Court, Kings County, to recover damages for personal injuries. The county designated on the summons as the place of trial was based on the residence of the defendant Frank Castellana. After serving a demand that the action be tried in Westchester County, the defendants moved pursuant to CPLR 511 (b) to change venue on the ground that venue was improperly predicated upon the residence of Castellana, the only party residing in Kings County, because he was not a proper defendant to the action. The Supreme Court denied the motion.

The defendants failed to demonstrate that Castellana is an improper party (*cf. Crew v St. Joseph's Med. Ctr.*, 19 AD3d 205, 206 [2005]; *Ming-Liang P. Chung v Express Tours*, 274 AD2d 506 [2000]; *Yasin v Manhattan Eye, Ear & Throat Hosp.*, 254 AD2d 281, 283 [1998]) or that the plaintiff improperly engaged in forum shopping by naming a nominal party as a defendant (*see Martinez v Tsung*, 14 AD3d 399, 400 [2005]; *cf. Koschak v Gates Constr. Corp.*, 225 AD2d 315, 315-316 [1996]).

Our determination is without prejudice to renewal of the change of venue motion if the defendant Castellana is dismissed from the action on motion practice. Miller, J.P., Crane, Krausman, Rivera and Lifson, JJ., concur.