■ CENTURY INDEMNITY COMPANY, Appellant, v BROOKLYN UNION GAS COMPANY, Respondent, et al., Defendants. BROOKLYN UNION GAS COMPANY, Respondent, v CENTURY INDEMNITY COMPANY, Appellant, et al., Defendants. [872 NYS2d 444]—

Orders, Supreme Court, New York County (Michael D. Stallman, J.), entered May 21, 2007 and November 5, 2007, which denied Century Indemnity Company's motions for summary judgment and for renewal, respectively, unanimously affirmed, with costs.

These are actions to determine the validity of an excess insurer's disclaimer of coverage for contamination remediation and related costs based on the lack of timely notice of an occurrence. The court correctly found an issue of fact whether the insured's duty to give notice had arisen before the City of New York advised the insured in January 1993 that it intended to bring a federal environmental action with respect to one of the insured's sites. Unlike policies that require notice if an occurrence "may result" in a claim, where the duty arises when the insured can "glean a reasonable possibility of the policy's involvement" (see Paramount Ins. Co. v Rosedale Gardens, 293 AD2d 235, 239-240 [2002]; see also Argo Corp. v Greater N.Y. Mut. Ins. Co., 4 NY3d 332, 338 [2005]), the subject policies require notice if an occurrence—in this instance, hazardous waste contamination—is "reasonably likely" to implicate the excess coverage. Giving the insured the benefit of the inferences as opponent of the motion, it cannot be determined as a matter of law that the insured's duty to provide notice had arisen from its knowledge of consultant reports, which were not definitive as to the extent of the contamination, the degree of remediation needed or the actual rather than the generalized projected remediation costs, and regulatory agency involvement that did not mandate any significant action (see Reynolds Metal Co. v Aetna Cas. & Sur. Co., 259 AD2d 195, 203-204 [1999]).

Contrary to Century's contention, the insured did not elect coverage provided by Associated Electric & Gas Insurance Services (AEGIS) by exclusively notifying that carrier, by letter of June 2001, of the potential for regulatory action. The coverage and notice provisions of the respective insurers' policies differ materially (cf. Power Auth. of State of N.Y. v Westinghouse Elec. Corp., 117 AD2d 336, 341 [1986]). Particularly, the excess liability coverage provided by AEGIS is afforded under a claims-first-made policy and extends only to an occurrence of which the company is given notice of the circumstances. The insured's letter to AEGIS expressly states that no claim is presently being made under the policy but, rather, that the communication is intended to give the carrier "NOTICE OF CIRCUMSTANCES," as the contract of insurance requires. Nor did the court improperly shift the burden of showing pro rata allocation to

the insurer since the issue is notice with respect to undetermined costs, not reimbursement for known costs (*cf. Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d 208 [2002]).

While the court had discretion to allow renewal even if the "newly discovered" evidence was previously available (*see Mejia v Nanni*, 307 AD2d 870 [2003]), it properly recognized that such relief is not a remedy for a litigant's strategic choices.

We have considered Century's other contentions and find them unavailing. Concur—Tom, J.P., Andrias, Friedman, Catterson and Acosta, JJ.