■ EYAL ZABARI, Respondent, v DORON ZABARI et al., Appellants. [940 NYS2d 258]—Order and judgment (one paper), Supreme Court, New York County (Eileen A. Rakower, J.), entered August 3, 2010, to the extent appealed from, declaring that plaintiff is a 50% owner of defendants Zed USA Inc. and 506 Broadway, Inc., unanimously modified, on the law and the facts, to vacate the declaration that plaintiff is a 50% owner of 506 Broadway, and otherwise affirmed, without costs. Order, same court and Justice, entered December 14, 2010, which denied defendants' motion for renewal, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered April 19, 2010, unanimously dismissed, without costs, as abandoned.

Plaintiff established prima facie that he is a 50% owner of defendant Zed USA Inc., through tax returns and an affidavit by defendant Doron Zabari in an unrelated matter (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]). In opposition, defendants did not address the tax returns or the affidavit substantively and therefore failed to raise any triable issues of fact (see *id*. at 326-327). Plaintiff did not, however, meet his prima facie burden as to defendant 506 Broadway, Inc., since the tax return he submitted is unsigned, and the shareholders' statement he submitted has a line drawn through it, as if to negate its relevancy.

We decline to reverse the motion Court's denial of defendants' motion for renewal in the interest of justice (see *Mejia v Nanni*, 307 AD2d 870, 871 [2003]). In view of our disposition of

the issue of plaintiff's ownership of 506 Broadway, a finder of fact will have the opportunity to hear defendants' evidence on that issue, and there is no risk of defendants' having to bear the burden of the mistake, alleged to have been that of prior counsel, of not submitting the evidence on the prior motion.

We have considered defendants' remaining arguments and find them unavailing. Concur—Andrias, J.P., Sweeny, Moskowitz, Freedman and Manzanet-Daniels, JJ.