Order, Supreme Court, Bronx County (John A. Barone, J.), entered June 6, 2012, which, to the extent appealed from, denied defendants-appellants’ motions to transfer venue from Bronx County to Queens County and granted plaintiffs-respondents’ cross motion to retain venue in Bronx County, unanimously affirmed, without costs.
This action arises from a multi-car motor vehicle accident that occurred in New Jersey, and resulted in the deaths of three members of the Christmas family and injury to plaintiff Rosado, a resident of the Bronx. Plaintiff Rosado commenced an action in Bronx County, and plaintiffs-respondents, representing the surviving child of the Christmas family and the estates of the deceased members of the family, subsequently commenced two actions in Queens County. In December 2008, Rosado’s motion to consolidate all three actions was granted without opposition, and the Christmas actions were transferred to Bronx County for joint trial. Bronx County is therefore the proper place for trial of the Christmas actions (CPLR 509). Although Rosado has since settled her claims against all defendants, she was a proper party at the outset and there is no contention that plaintiffs engaged in forum shopping (see Yanez v Western Beef, Inc., 28 AD3d 751 [2d Dept 2006]; compare Halina Yin Fong Chow v Long Is. R.R., 202 AD2d 154, 155 [1st Dept 1994]). Furthermore, plaintiffs-respondents made a showing that Bronx County would be a more convenient forum for a nonparty witness. Concur— Tom, J.P., Andrias, Freedman, Román and Gische, JJ.