*665 In September 2010, Thannipulli Fernando (hereinafter the decedent) died intestate after being treated at the Orange Regional Medical Center in Middletown, New York. Subsequently, the Surrogate’s Court, Orange County, granted the petition of the decedent’s wife, the plaintiff Cynthia Fernando, to appoint her mother, the plaintiff Jannie M. Peoples, as the administrator of the decedent’s estate. Peoples resided in a nursing home in Kings County. The plaintiffs then commenced this action by the filing of a summons and complaint in Kings County, seeking to recover damages, inter alia, for medical malpractice.
Various defendants filed motions to transfer venue from Kings County to Orange County pursuant to CPLR 510. The moving defendants argued, in effect, that other than Peoples’ residence, there was no nexus between this case and Kings County. The plaintiffs opposed the motion and cross-moved to retain venue in Kings County. In opposition to the cross motion, several defendants argued that the plaintiffs had “manufactured” venue in Kings County “[t]hrough a clever exploitation of Section 1001 (6) of the Surrogate’s Court Procedure Act.” The Supreme Court granted the motions to change venue from Kings County to Orange County, and denied the plaintiffs’ cross motion. The court “concede[d]” that venue in Kings County was “not improper, as a matter of law,” and it recognized that the defendants had not established grounds for a discretionary change of venue under CPLR 510 (1) or (3). Nonetheless, the court concluded that the defendants had “successfully demonstrated that the action is improperly venued under all of the circumstances,” and held that Kings County is “simply ‘not a proper county’ ” pursuant to CPLR 510 (1), and that “ ‘the ends of justice will be promoted by the change’ ” pursuant to CPLR 510 (3). The plaintiffs appeal.
The defendants failed to establish grounds supporting a change of venue under CPLR 510 (1) or (3). As the Supreme Court recognized, the moving defendants failed to establish that venue was, as a matter of law, not “proper” (CPLR 510 [1]; see CPLR 503 [b]), or that “the convenience of material witnesses and the ends of justice will be promoted by the change” (CPLR 510 [3]; see Lapidus v 1050 Tenants Corp., 94 AD3d 950, 950-951 [2012]; Thomas v Guttikonda, 68 AD3d 853, 854 [2009]; Walsh v Mystic Tank Lines Corp., 51 AD3d 908, 908-909 [2008]; *666 Frankel v Stavsky, 40 AD3d 918, 919 [2007]). Finally, the moving defendants failed to establish that the appointment of Peoples as administrator of the decedent’s estate “amounts to a fraud upon the court” (Koschak v Gates Constr. Corp., 225 AD2d 315, 316 [1996]; see Martinez v Tsung, 14 AD3d 399, 400 [2005]; cf. Yanez v Western Beef, Inc., 28 AD3d 751, 752 [2006]). Accordingly, the court should have denied the motions to transfer venue and granted the cross motion to retain venue in Kings County. Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur.