■ BLDG ABI ENTERPRISES, LLC, Respondent, v 711 SECOND AVE CORP. et al., Appellants. [985 NYS2d 215]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered December 27, 2012, which, to the extent appealable, granted plaintiff's motion to reargue and renew defendants'

motion to dismiss the complaint, and, upon renewal, denied the motion to dismiss as against defendant Ian Cheng and granted plaintiff leave to re-plead a reformation cause of action, and denied defendants' motion for renewal, unanimously affirmed, without costs.

While the court mistakenly referred to plaintiff's motion as a motion to reargue, it was essentially treated as a motion for renewal. In general, motions for renewal should be based on "newly discovered facts that could not be offered on the prior motion" (*Mejia v Nanni*, 307 AD2d 870, 871 [1st Dept 2003]; CPLR 2221 [e] [2]). However, "courts have discretion to relax this requirement and to grant such a motion in the interest of justice" (*id.*) The motion court properly exercised its discretion when it "relaxed this requirement" and granted renewal based on plaintiff's argument that the defect in the guaranty was due to a scrivener's error (*id.*). Plaintiff submitted an affidavit by the drafter of the guaranty, by which defendant Cheng guaranteed defendant 711 Second Ave Corp.'s obligations under a lease, who explained that, through oversight, he neglected to match the date of the guaranty (the date on which both documents were prepared) to the date of lease when executed. This evidence raises issues of fact as to plaintiff's claim of a scrivener's error, which supports permitting plaintiff to assert a claim for reformation of the guaranty to correct the date (*see C.I.T. Leasing Corp. v Pitney Bowes Credit Corp.*, 221 AD2d 211, [1st Dept 1995]).

Defendants' arguments relating to service of process and the effect of plaintiff's alleged lockout action in February 2010 are largely unreviewable, since they challenge the denial of reargument (*see D'Andrea v Hutchins*, 69 AD3d 541 [1st Dept 2010]). To the extent defendants' argument based on the advocate-witness rule addresses the denial of renewal, it is unavailing. Concur—Moskowitz, J.P., Richter, Manzanet-Daniels, Clark and Kapnick, JJ.