Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered April 16, 2013, which, to the extent appealable, granted defendant’s motion to renew and/or reargue so much of his motion for summary judgment as sought to dismiss the claim of serious injury to the right knee, and, thereupon, granted the motion for summary judgment in its entirety, unanimously affirmed, without costs, and the appeal therefrom otherwise dismissed, without costs, as taken from a nonappealable paper.
No appeal lies from the denial of plaintiffs motion for reargument (see Mejia-Ortiz v Inoa, 89 AD3d 514 [1st Dept 2011]).
The court granted defendant’s motion to renew and/or reargue (CPLR 2221 [d], [e]) because its conclusion on the summary judgment motion was based on an admitted misapprehension of defendant’s evidence as to limitations of range of motion in plaintiffs right knee, and the supplemental affirmation by defendant’s neurological expert provided clarification, which resulted in a change in the prior determination. Whether the motion is treated as a motion to renew or a motion to reargue (see CPLR 2221 [f]), the court soundly exercised its discretion in granting it, since “even if the vigorous requirements for renewal are not met, such relief may be properly granted so as not to defeat substantive fairness” (Tishman Constr. Corp. of N.Y. v City of New York, 280 AD2d 374, 377 [1st Dept 2001] [internal quotation marks omitted]).
*602 On his motion for summary judgment, defendant established prima facie that plaintiff did not sustain serious injuries to her right knee as a result of the accident by submitting the neurologist’s report finding full range of motion, as well as a radiologist’s report finding that the MRI showed no evidence of the alleged meniscal tear. In opposition, plaintiff failed to raise an issue of fact because the evidence she submitted does not support a conclusion that her knee injury was significant or permanent.
Concur—Renwick, J.E, Richter, Manzanet-Daniels, Feinman and Gische, JJ.