Arthur v Liberty Mut. Auto & Home Servs. LLC (2019 NY Slip Op 01316)





Arthur v Liberty Mut. Auto & Home Servs. LLC


2019 NY Slip Op 01316


Decided on February 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2019

Renwick, J.P., Tom, Singh, Moulton, JJ.


8466N 162454/15

[*1] Tanesha Arthur, Plaintiff-Appellant,
v
Liberty Mutual Auto and Home Services LLC, doing business as Liberty Mutual Insurance, Defendant, Leean Cassar, Defendant-Respondent.


Ogen & Sedaghati, P.C., New York (Eitan A. Ogen of counsel), for appellant.
Law Office of James J. Toomey, New York (Evy L. Kazansky of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered April 2, 2018, which, upon renewal, granted defendant Leean Cassar's motion to change venue of this action to Supreme Court, Nassau County, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion to relax the "vigorous requirements for renewal" in the interest of substantive fairness (Corporan v Dennis, 117 AD3d 601, 601 [1st Dept 2014]; Tishman Constr. Corp. of N.Y. v City of New York, 280 AD2d 374, 377 [1st Dept 2001]), where defendant Leean Cassar failed to justify her failure to present proper evidentiary support on her initial motion to change venue to Nassau County. Venue was originally correctly placed by plaintiff in New York County. Subsequently, plaintiff entered into a stipulation of settlement and discontinuance with defendant Liberty Mutual Insurance. Transfer of venue may be granted when plaintiff voluntarily discontinues the action against the party that served as the basis for venue (see Crew v St. Joseph's Med. Ctr., 19 AD3d 205, 206 [1st Dept 2005]; Mejia v Nanni, 307 AD2d 870, 871 [1st Dept 2003]). Upon renewal, Cassar provided evidence that both she and plaintiff resided in Nassau County at the time this action was commenced.
Supreme Court properly determined that the unsigned deposition testimony of defendant Cassar constituted admissible evidence of Cassar's residence as the transcript was certified by the court reporter and plaintiff does not challenge its accuracy (see Ying Choy Chong v 457 W. 22nd St. Tenants Corp., 144 AD3d 591, 591-592 [1st Dept 2016]; Franco v Rolling Frito-Lay Sales, Ltd., 103 AD3d 543, 543 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 21, 2019
CLERK