Rivera v Tribeca White St., LLC (2019 NY Slip Op 01647)





Rivera v Tribeca White St., LLC


2019 NY Slip Op 01647


Decided on March 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2019

Renwick, J.P., Manzanet-Daniels, Tom, Kahn, Gesmer, JJ.


8612 8613

[*1] Maura Rivera, Plaintiff,
v
Tribeca White Street, LLC, et al., Defendants, Everest Scaffolding, Inc., Defendant-Respondent.
Tribeca White Street, LLC, Third-Party Plaintiff,
v
R & S Construction Contracting, Inc., Second Third-Party Defendant.
Everest Scaffolding, Inc., Second Third-Party Plaintiff-Respondent,
v
R & S Construction Contracting, Inc., Second Third-Party Defendant, State National Insurance Company, Second Third-Party Defendant-Appellant.


Gerber Ciano Kelly Brady LLP, New York (Joanna M. Roberto of counsel), for appellant.
Fuchs Rosenzweig, PLLC, New York (Alicia D. Sklan of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered March 29, 2018, declaring that second third-party plaintiff (Everest) is an additional insured under the policy issued to second third-party defendant R & S Construction Contracting, Inc. by defendant State National Insurance Company (hereinafter, Clarendon) and that Clarendon is required to defend R & S in the underlying action, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered December 22, 2017, which granted Everest's motion to renew its motion for summary judgment declaring in its favor and, upon renewal, granted the motion for summary judgment and so declared, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Given the merit of Everett's original motion for summary judgment (but for its technical defects) and the lack of prejudice to Clarendon, the motion court properly granted Everest's motion for renewal (see Mejia v Nanni, 307 AD2d 870, 871 [1st Dept 2003]).
The court correctly determined that Clarendon was obligated to defend Everett because [*2]the allegations of the underlying personal injury complaint suggest "a reasonable possibility of coverage" (see Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA, 15 NY3d 34, 37 [2010] [internal quotation marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 7, 2019
CLERK