I & I Jewelry Corp., Plaintiff-Respondent. 
against
Thomas A. Farinella, Defendant-Appellant.



Defendant appeals from (1) an order of the Small Claims Part of the Civil Court of the City of New York, New York County (Jose A. Padilla, Jr., J.), entered on or about November 22, 2017, which denied defendant's motion to vacate a default judgment and (2) an order (same court and Judge) entered on or about January 10, 2018, which denied his motion to renew and reargue the aforesaid order.




Per Curiam.
Order (Jose A. Padilla, Jr., J.), entered on or about January 10, 2018, reversed, without costs, renewal granted and, upon renewal, default judgment vacated and matter remanded for further proceedings. Appeal from order (Jose A. Padilla, Jr., J.), entered on or about November 22, 2017 dismissed, without costs, as academic.
Although renewal motions generally should be based on newly discovered facts that could not be offered on the prior motion (see CPLR 2221[e]), courts have discretion to relax this requirement and grant such a motion in the interest of justice (see Kaszar v Cho, 160 AD3d 501 [2018]). In the circumstances here present, and to achieve substantial fairness (see Tishman Constr. Corp. of NY v. City of New York, 280 AD2d 374, 376—377 [2001]), we favorably exercise our discretion and grant defendant's renewed motion to vacate the default judgment. The record on renewal establishes that defendant had a reasonable excuse for failing to oppose plaintiff's motion to restore the case to the calendar and appear at subsequent proceedings, since, at the time, he was suffering from a "mental infirmity which made it impossible for him to defend himself" (Matter of Farinella, 118 AD3d 95, 96 [2014]). Defendant also moved to vacate as soon as he became aware of the judgment, his submissions indicate a possible meritorious defense to plaintiff's small claim and no legal prejudice to plaintiff is shown. In these circumstances, and in view of the strong preference for resolving disputes on the merits, defendant's default should be excused (see Hoskie Co., Inc. v Wu, 112 AD3d 497 [2013]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: March 18, 2019