AMNA, L.L.C., Petitioner-Landlord-Appellant, 
against
Gold House Buyers, Respondent-Tenant-Respondent.



Landlord appeals from an order of the Civil Court of the City of New York, New York County (Joan M. Kenney, J.), dated October 11, 2018, which denied its motion to renew a prior order vacating the default final judgment and dismissing the petition in a holdover summary proceeding.




Per Curiam.
Order (Joan M. Kenney, J.), dated October 11, 2018, reversed, without costs, renewal granted, and upon renewal, tenant's motion to vacate the default final judgment is granted to the extent of setting the matter down for a traverse hearing to determine whether tenant was properly served.
Civil Court's original order held that the proceeding was "fatally compromised" because the affidavit of service was filed several hours before the pleadings were allegedly served. Even assuming the correctness of this order, landlord's motion for renewal should have been granted in the particular circumstances of this case.
Although renewal motions generally should be based on newly discovered facts that could not be offered on the prior motion (see CPLR 2221[e]), courts have discretion to relax this requirement and grant such a motion in the interest of justice (see Mejia v Nanni, 307 AD2d 870, 871 [2003]). In the circumstances here present, and to achieve substantial fairness (see Tishman Constr. Corp. of NY v City of New York, 280 AD2d 374, 376—377 [2001]), we favorably exercise our discretion and grant renewal. Landlord's renewed motion contained, inter alia, an affidavit from an officer of the process serving company that set forth the results of his investigation into the issue identified in the court's original order, and offered a plausible explanation for the conflict between the time of day set forth in the affidavit of service and the time of day that proof of service was stamped as filed. This new proof was sufficient to raise an issue of fact as to whether service was proper requiring a traverse hearing (see NYCTL 1998-1 Trust & Bank of NY v Rabinowitz, 7 AD3d 459, 460 [2004]). 
Furthermore, it does not appear that tenant, whose motion for vacatur relief was made six weeks after the eviction (and after tenant's one-year commercial lease would have expired), was prejudiced by landlord's delay in moving for renewal. Accordingly, we grant renewal and set the matter down for a traverse hearing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: July 02, 2019