Department Stores Natl. Bank v Bailey (2025 NY Slip Op
50556(U))

[*1]

Department Stores Natl. Bank v Bailey

2025 NY Slip Op 50556(U) [85 Misc 3d 139(A)]

Decided on April 17, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 17, 2025

SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

571224/23

Department Stores National Bank,
Plaintiff-Respondent,

against

Sherry E. Bailey,
Defendant-Appellant.

Defendant appeals an order of the Civil Court of the City of New York, New York
County (Jose A. Padilla, Jr., J.), dated November 12, 2024, which denied her motion to
renew a prior order denying her motion to vacate a default judgment.

Per Curiam.

Order (Jose A. Padilla, Jr., J.), dated November 12, 2024, reversed, without costs,
renewal granted, and upon renewal, defendant's motion to vacate the default judgment is
granted to the extent of setting the matter down for a traverse hearing to determine
whether defendant was properly served.

Although renewal motions generally should be based on newly discovered facts that
could not be offered on the prior motion (see CPLR 2221 [e]), courts have
discretion to relax this requirement and grant such a motion "in the interest of justice"
(Kaszar v Cho, 160 AD3d 501, 502 [2018]; Mejia v Nanni, 307 AD2d
870, 871 [2003]). In the circumstances here present, and to achieve substantial fairness
(see Tishman Constr. Corp. of NY v City of New York, 280 AD2d 374, 376-377
[2001]), we favorably exercise our discretion and grant defendant's renewal motion,
since she offered a reasonable justification for failing to timely submit this new evidence
on her original pro se moving papers and the new evidence would change the prior
determination (CPLR 2221 [e] [2], [3]). Defendant's renewed motion contained, among
other things, a sworn, nonconclusory denial of service from her daughter denying that
substituted service was ever made upon her which was sufficient to raise an issue of fact
as to whether service was proper requiring traverse hearing (see NYCTL 1998-1
Trust & Bank of NY v Rabinowitz, 7 AD3d 459, 460 [2004]).

We also note that defendant moved to vacate as soon as she became aware of the
judgment and plaintiff had not established prejudice.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur
Decision Date: April 17, 2025