■ DENNIS MITTS, an Infant, by his Mother and Natural Guardian, MARILYN MITTS, et al., Respondents, v H.I.P. OF GREATER NEW YORK et al., Appellants. — Order, Supreme Court, New York County (Altman, J.), entered October 15, 1982, denying the H.I.P.'s motion for summary judgment and the cross motion

to change venue, unanimously reversed, on the law, the motion for a summary judgment and the cross motion to change venue to Queens County granted, with costs.

In this medical malpractice action, defendant Health Insurance Plan of Greater New York (H.I.P.) moves for summary judgment dismissing the complaint as against it. In a recent appeal, we have considered the identical issue of whether H.I.P. may be held liable in malpractice for the actions of a medical group or a physician employed by a particular medical group. In that appeal, we affirmed, without opinion, an order of Justice Alvin Klein dismissing a complaint as against H.I.P. (*McGrorty v Health Ins. Plan,* 98 AD2d 1000).

In his decision dated October 21, 1982, Justice Klein succinctly stated the reasons for the dismissal: "HIP is a non-profit membership corporation which sells medical expense indemnity insurance (see Shapiro v. Health Insurance Plan, 7 NY2d 56). HIP does not treat or render medical service or care to anyone. Each medical group participating in the plan is an independent contractor. Accordingly, HIP cannot be held responsible for the acts of one of the groups for malpractice (Horn v. State, 31 AD2d 364; Fiorentino v. W[e]nger, 19 NY2d 407)".

For these same reasons, we now grant H.I.P.'s motion for summary judgment. In light of this determination, we also grant the cross motion to change venue to Queens County. All remaining parties to the action are residents of that county. Furthermore, the malpractice allegedly occurred there. Concur — Murphy, P. J., Sandler, Carro, Silverman and Kassal, JJ.