■ CLAUDETTE B. CAPLIN et al., Appellants, v EDWARD J. RANHOFER et al., Respondents.—Order, Supreme Court, New York County (Stanley L. Sklar, J.), entered on or about November 1, 1989, which granted the motion of defendants

Greenberg and Burstein and the cross motions of defendants Franklin General Hospital and New York Hospital, denied plaintiffs' cross motion to supplement their final bill of particulars, and which granted the cross motion of defendant Volkswagen of America, Inc. to transfer venue of the action to Nassau County, unanimously affirmed. Order of the same court and Justice entered on or about March 14, 1990, which denied plaintiffs' motion to reargue and renew the motion resulting in the order entered on or about November 1, 1989, unanimously affirmed, without costs.

On December 1, 1981, plaintiff Claudette B. Caplin (hereafter Caplin) lost control of her Audi automobile on the Belt Parkway in Queens, which mounted a curb, careened off a bridge abutment back onto the Parkway and collided with a vehicle driven by defendant Ranhofer. Caplin was rushed by ambulance to the emergency room of the defendant Franklin General Hospital where she was found to have sustained subluxation, or partial dislocation, of her cervical vertabrae. A professional corporation consisting of Doctors Greenberg, Burstein and DiMancescu, all neurosurgeons, was contacted to care for Caplin.

Dr. Greenberg placed Caplin in traction and did not see her again after December 8, 1981. On December 10th, Doctors Burstein and DiMancescu placed Caplin in a halo brace and ordered X rays to facilitate proper alignment of her vertabrae. Dr. Burstein did not thereafter see Caplin. Plaintiff was discharged from Franklin General Hospital on December 13, 1981, and was treated by Dr. DiMancescu as an outpatient during office visits through February 1982. Caplin later consulted Dr. Russell Patterson, a private attending physician, who performed a spinal fusion in New York Hospital in March 1982.

In June 1983, Caplin and her husband sued Ranhofer for negligent driving and Volkswagen of America, Inc. for strict products liability. Franklin General Hospital and New York Hospital were named as defendants in medical malpractice claims, as were Doctors Greenberg, Burstein and DiMancescu. Neither the corporation nor Dr. Patterson was ever sued. Venue was placed in New York County solely on the basis of New York Hospital's residence. Plaintiffs have not appealed from the granting of summary judgment dismissing the complaint as to New York Hospital.

On October 3, 1988, a medical malpractice hearing was held before a panel, which made no finding as to Dr. DiMancescu,

and rendered "no liability" findings with respect to the remaining medical malpractice defendants. Doctors Burstein and Greenberg and Franklin General Hospital and New York Hospital moved for summary judgment. Volkswagen cross-moved for a change of venue to Nassau County if New York Hospital's motion was granted. Plaintiffs cross-moved to supplement their final bill of particulars with respect to the moving defendants, citing telephone conversations with an unnamed expert who was consulted after the medical malpractice panel was convened. No affidavit by the medical expert was provided, and no excuse was offered for the delay in moving to amend the bill of particulars.

The court granted the motions for summary judgment and dismissed the complaint as to the moving defendants, finding that the doctors' EBT testimony was unrebutted by plaintiffs. The court also granted Volkswagen's motion to change venue, which motion had been joined in by Doctors Greenberg, Burstein and DiMancescu. Supreme Court denied plaintiffs' motion for renewal and reargument on the ground that plaintiffs had not raised additional facts which were unavailable at the time of the original motion or set forth a reasonable excuse for their failure to produce such facts on the original motion.

We agree that the defendants' offers of factual proof rebutted the plaintiffs' claims of malpractice, and plaintiffs' assertions unsubstantiated by expert medical opinion, failed to present material issues of fact sufficient to defeat the motion for summary judgment (*Alvarez v Prospect Hosp.*, 68 NY2d 320). Plaintiffs' counsel admitted that Dr. DiMancescu was "clearly the target defendant", and that the other defendants were named so as to preclude a shift of the blame to others. Plaintiffs submitted no evidence of malpractice against Franklin General Hospital, and it is well established that a hospital cannot be held liable where the plaintiff's treatment has been controlled by her private physician (*Brusco v St. Clare's Hosp. & Health Center*, 128 AD2d 390; *Clott v Kings Highway Community Hosp.*, 120 AD2d 634).

Renewal was properly denied since plaintiffs did not submit additional facts not known to them at the time of the original motion, and offered no adequate excuse for not submitting the additional evidence on the original motion (*Foley v Roche*, 68 AD2d 558, 568). Volkswagen's motion to change venue was not untimely since it was made promptly when summary judgment was granted in favor of New York Hospital. Inasmuch as New York Hospital should not have been a party in the case, venue is not properly laid in New York County (*Mitts v*

*H.I.P. of Greater N. Y.,* 104 AD2d 318; *Naples v Daubert Chem. Co.,* 93 AD2d 745). Concur—Ross, J. P., Rosenberger, Asch and Kassal, JJ.