■ GLORIA GRAMAZIO, Appellant, v BORDA, WALLACE & WITTY et al., Respondents.—Order, Supreme Court, New York County (Burton S. Sherman, J.), entered on or about August 16, 1990, which, *inter alia,* granted defendant Aetna's motion

to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

Plaintiff's complaint alleges, generally, that she was "pressured" into settling a personal injury action by her attorneys, and that defendant Aetna participated in some capacity in the commission of this fraud. Whether plaintiff's theory of recovery is considered as conspiracy to defraud, aiding and abetting a fraud, or otherwise, no cause of action upon which recovery may be predicated is stated, there being no allegations in the complaint that defendant Aetna made any representation, fraudulent or otherwise, to plaintiff *(Glatzer v Scappatura,* 99 AD2d 505). Further, "mere allegations, in conclusory form, that the moving defendants participated in or assisted in the commission of a fraud are insufficient to state a cause of action" *(supra).* In light of the dismissal of the action against defendant Aetna, venue was properly transferred to Suffolk County where all the remaining parties reside *(see, Mitts v H.I.P. of Greater N. Y.,* 104 AD2d 318, 319). Concur—Murphy, P. J., Carro, Wallach and Ross, JJ.