■ HALINA YIN FONG CHOW, as Administratrix of the Estate of NANCY CHOW, Deceased, and as Guardian ad Litem of MIMI CHOW, an Infant, Respondent, v LONG ISLAND RAILROAD et al., Appellants, and XIU MEI CHENG CHOW, as Administratrix of the Estate of CHANG TUNG TSOU CHOW, Also Known as CHANG TUNG TSOU, et al., Respondents. (Action No. 1.) XIU MEI CHOW, as Administratrix of the Estate of CHANG TUNG TSOU CHOW and as Mother and Natural Guardian of MIMI CHOW, an Infant, et al., Respondents, v LONG ISLAND RAILROAD, Appellant. (Action No. 2.) [608 NYS2d 186] —Order of the Supreme Court, New York County (Robert Lippmann, J.), entered on February 18, 1993, which denied defendants' motion to change venue from New York County to Nassau County, unanimously reversed, on the law, and the motion is granted to change venue to Nassau County pursuant to CPLR 510 and 511, without costs.

These consolidated actions seek damages for wrongful death and personal injuries resulting from a collision between a passenger car and a train operated by the Long Island Railroad (LIRR). Plaintiffs are the personal representatives of the driver and one passenger of the car, who were killed in the collision, and the mother and guardian ad litem of an infant passenger who was injured. Defendants are the LIRR and the engineer of the train.

The actions were initially commenced in 1991 in New York County and included the Metropolitan Transportation Authority (MTA) as a defendant. Venue was placed in New York County on the basis of the MTA's principal place of business. By order dated October 15, 1992, the MTA's motion for summary judgment was granted and the actions were dismissed as against the MTA.

Thereafter, defendants moved to change venue to Nassau County. The motion court denied the motion on the ground that there were insufficient facts upon which to order a change of venue. We disagree.

Where venue is initially placed on the basis of the principal place of business of an improper party, a motion to change venue should be granted after the action is dismissed as against the improper party *(Gramazio v Borda, Wallace & Witty,* 181 AD2d 428, 429; *Caplin v Ranhofer,* 167 AD2d 155, 157). Concur—Murphy, P. J., Rosenberger, Wallach, Asch and Williams, JJ.