OPINION OF THE COURT
David Goldstein, J.
The issue is whether, following the transfer of an action for a joint trial with an action or actions pending in another county, upon disposition or settlement of the other action(s), should the venue be changed to return the action to its original situs, or should it remain for trial in the transferee court?
*379 As far as appears, the issue is one of first impression. No decision on point has been cited by either side, nor have any been found. In my view, assuming that venue of the action was proper in the first instance and, assuming further that no significant or material proceedings were held in the transferee court, the action should be returned to the county where venue was originally placed. Naturally, the determination is one which in large part is a matter of discretion, the exercise of which is dependent upon consideration of the underlying facts and circumstances, as well as applicable equitable principles.
These actions arose out of a multivehicular accident, which occurred on June 29, 1990, on Linden Blvd., at or near 224th Street, in Queens County. The Cruickshank action was properly commenced in Kings County, based upon the residence of the plaintiff in that action. Subsequently, the Vilmond and Maylor actions (Nos. 2 and 3) were commenced in Queens. Thereafter, notwithstanding that the Cruickshank action was the first which had been instituted, that action was transferred to this county, by the Supreme Court, Kings County, to be joined with the other two actions pending here. It also appears that there is a fourth action, the Knight action, which was commenced in New York County. Defendants have recently sought to have that action transferred to Queens.
Both Queens actions (Vilmond and Maylor) were settled at a conference before this court on September 28,1995. As a result, the only action remaining here was the Cruickshank action. The Knight action is still pending in New York County and, as far as appears, the motion to change the venue of that action was not decided until after the Queens actions had been disposed of and counsel for Cruickshank advised defendants of its position that, under the circumstances, the latter action should be returned to Kings County for trial.
On October 27, 1995, one month after the Queens actions had been settled, Justice Kapnick, in New York County, granted on default a motion to change the place of trial of the Knight action, to be joined with the three other actions pending in Queens. However, it does not appear that the New York court had been apprised that the Queens actions had been previously disposed of, a disclosure of which might have affected the determination in Knight. If this information had been deliberately withheld, it would be improper. In any event, at the time the Knight motion was decided, there were no Queens actions, other than the original Kings County Cruickshank action and, there, counsel had taken the position that, *380 the reason for the change in venue having been removed, the action ought to be returned for trial in Kings County.
No decisions dealing with the precise issue have been cited or found and, as noted, the question is one of apparent first impression. In an analogous situation, however, it has been held that, where venue is based upon the residence or principal place of business of an improper party, or where summary judgment is granted in favor of a party, the joinder of whom had formed the basis for venue, a change in venue to the proper county is appropriate in such circumstances. (See, Halina Yin Fong Chow v Long Is. R. R., 202 AD2d 154, 155; Gramazio v Borda, Wallace & Witty, 181 AD2d 428, 429; Caplin v Ranhofer, 167 AD2d 155, 157; Mitts v H.I.P. of Greater N. Y., 104 AD2d 318, 319.)
In Chow (supra), the action was commenced in New York County, based solely upon the MTA’s principal place of business there. After summary judgment was granted, dismissing the complaint against the MTA, defendants moved to change the place of trial to Nassau County. The trial court held there were insufficient facts to order a change of venue. In reversing, the Appellate Division, First Department, held: "Where venue is initially placed on the basis of the principal place of business of an improper party, a motion to change venue should be granted after the action is dismissed as against the improper party.” (202 AD2d, at 155, supra [citations omitted].)
Similarly, in Gramazio (supra), the First Department affirmed an order which had dismissed the complaint against Aetna as legally insufficient and, in light of the dismissal, changed the venue to Suffolk County, where the remaining parties resided. Likewise, in Mitts (supra), upon the grant of summary judgment, dismissing the action against H.I.P., the appellate court granted the cross motion to change the venue to Queens County, where the remaining parties resided. And, in Caplin (supra), venue in the medical malpractice action was placed in New York County, based solely upon the residence of New York Hospital. Upon the grant of summary judgment to the hospital, dismissing the complaint, the Court granted the cross motion to change the venue to Nassau County, the Appellate Division holding that the change of venue motion "was not untimely since it was made promptly when summary judgment was granted in favor of New York Hospital.” (167 AD2d, at 157, supra.)
In our case, the only reason the Cruickshank action is now in Queens County is as a result of a Kings County Supreme *381 Court order, which directed transfer to effect a joint trial with the two pending Queens County actions. However, inasmuch as the Cruickshank action, in terms of time, was the first action commenced, under prevailing principles, venue in the consolidated action should have been placed in Kings County, as the county where the first action was instituted. (See, Maldonado v Whiting, 109 AD2d 871; Wilk v Perillo Bros. Fuel Oil Corp., 101 AD2d 859; Maciejko v Jarvis, 99 AD2d 799; Cassel v Koether, 90 AD2d 785.)
No special circumstances are present here to have warranted a departure from the general rule. There is no showing of any significant inconvenience to any of the parties, other than the usual jockeying by the attorneys to gain the most advantageous jurisdiction and jury for their respective clients. And, although the Kings County order, which effected the transfer to this court, refers in most general terms to the residence in Queens of "most of the parties”, undisclosed "potential police witnesses”, and unnamed "other witnesses”, it is clear that there was never an attempt to comply with the standard and requisite showing for a change of venue based upon the convenience of material witnesses. This requires the submission on such a motion of (1) the names, addresses and occupations of prospective witnesses, (2) the facts to which the witnesses will testify to at trial, (3) a statement that the witnesses are willing to testify, and (4) a showing how the witnesses would be inconvenienced if venue were not changed. While this was recently reaffirmed by the Appellate Division, Second Department (see, O’Brien v Vassar Bros. Hosp., 207 AD2d 169; see also, Chimirri v Evergreen Am. Corp., 211 AD2d 743), the principle has been followed for many years (see, Wecht v Glen Distribs. Co., 112 AD2d 891; Stavredes v United Skates, 87 AD2d 502). Although not dispositive on this application, the present record and the prior determination in Kings County are silent as to the whereabouts, potential testimony or convenience or inconvenience of any witnesses.
In my view, the operative standard ought to be that, where venue of an action is changed to effect a joinder with other actions pending in another county, upon disposition of those actions, whether by summary judgment, discontinuance, settlement or otherwise, the transferred action should be returned to the county of origin, assuming of course, that venue in that county was proper in the first instance. This is akin to the prevailing rule which mandates a change of venue to the proper county, where summary judgment is granted in favor of *382 the party who had formed the sole basis for venue in the first instance.
It would also remove any incentive to employ the venue provisions as a device to foster forum shopping, as may have been engaged in here. As noted, the Cruickshank case was transferred to be joined with the two Queens cases, notwithstanding that the requisite showing for convenience of material witnesses may not have been satisfied. Also, immediately after the transfer, the Queens actions were settled with relative ease, after but one or two conferences. And, it was after that settlement that the motion to transfer the Knight case was decided. Moreover, it does not appear that the Knight court was apprised that the Queens actions had been settled.
Under the circumstances, the court ought not to indulge in further action, which would only exacerbate any forum shopping which may have been engaged in here. It would unnecessarily and unreasonably reward a party for conduct which conflicts with elementary legal principles and equitable considerations.
Accordingly, upon the foregoing, plaintiffs motion for an order directing the transfer of the Cruickshank action back to its original venue in Kings County is granted in all respects.