■ In the Matter of ROBERT L. SCHULZ et al., Petitioners, and THEODORE MARKS et al., Appellants, v NEW YORK STATE LEGISLATURE et al., Respondents. [676 NYS2d 235] —Carpinello, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered December 11, 1997 in Albany County, which, *inter alia*, granted certain respondents' cross motion, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, for a change of venue.

The relevant facts are more fully set forth in this Court's prior decision in this matter (230 AD2d 578). Briefly, petitioners, owners of land located in the Town of Hyde Park, Dutchess County, commenced this combined CPLR article 78 proceeding and declaratory judgment action seeking, *inter alia*, a determination that the benefit unit tax assessment method adopted by

respondent Hyde Park Fire and Water District (hereinafter the District) was null and void as it violated petitioners' constitutional rights. Although Supreme Court (Kahn, J.) previously dismissed the petition/complaint, on appeal this Court affirmed the dismissal of 13 of the 14 pleaded causes of action but modified Supreme Court's order with regard to petitioners' seventh cause of action, finding that petitioners' claim of deprivation of property without due process should survive a CPLR 3211 motion to dismiss (*id.*, at 582-584). This Court also affirmed the dismissal of the petition in its entirety against all of the State respondents and found that certain petitioners who neither lived in nor owned property in the District lacked standing (*id.*, at 582). The net effect of these rulings was to leave only Dutchess County property owners or Dutchess County municipal entities as parties to the proceeding. Thereafter, the remaining petitioners moved for a protective order, sanctions and a preliminary injunction. The District and certain of the respondents (hereinafter collectively referred to as respondents) cross-moved to change venue from Albany County to Dutchess County.* Supreme Court denied petitioners' motion but granted respondents' cross motion. This appeal followed.

Petitioners' sole argument, as limited by their brief (*see, Gibeault v Home Ins. Co.*, 221 AD2d 826, 827, n 2), is their claim that Supreme Court abused its discretion in granting the cross motion to change venue to Dutchess County. We disagree. In cases where venue is initially predicated on the residence of parties that are later dismissed from an action, it is not an abuse of a court's discretion to transfer the matter to the county where all the remaining parties reside (*see, e.g., Salvadore v New York State Dept. of Transp.*, 234 AD2d 741, 743; *Tamburro v International Bus. Machs. Corp.*, 234 AD2d 535, 536; *Halina Yin Fong Chow v Long Is. R. R.*, 202 AD2d 154, 155; *Gramazio v Borda, Wallace & Witty*, 181 AD2d 428, 429; *Caplin v Ranhofer*, 167 AD2d 155, 157-158; *Mitts v H.I.P. of Greater N. Y.*, 104 AD2d 318, 319). Here, venue was originally based upon the inclusion of numerous State respondents who were subsequently dismissed from the action/proceeding. It is undisputed that the remaining parties all reside in or own property in Dutchess County or are Dutchess County municipal entities (*see*, CPLR 504). Accordingly, we

---

* An examination of the notice of cross motion and supporting affidavit provides no proper indication of the statutory basis of respondents' change of venue motion. Nevertheless, it appears the motion was premised upon Supreme Court's discretionary power to change venue pursuant to CPLR 510 (1) and (3) (*see*, 3 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 510.04, 511.05).

cannot find on these facts that Supreme Court abused its discretion in changing venue based on the fact that Albany County was no longer the proper county (*see, Salvadore v New York State Dept. of Transp., supra,* at 743; *see also,* CPLR 510 [1]).

Given this result, we find no reason to consider that aspect of Supreme Court's decision dealing with respondents' alternative request for a change of venue pursuant to CPLR 510 (3).

Mikoll, J. P., Crew III, White and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.