■ GIANNA CLASE, Respondent, v EUGENE J. SIDOTI, JR., M.D., Appellant, et al., Defendant. [799 NYS2d 194]—

Order, Supreme Court, Bronx County (Stanley Green, J.),

entered September 15, 2004, which denied defendant's motion for a change of venue to Westchester County, unanimously reversed, on the law, without costs, and the motion to change venue granted.

This is a medical malpractice action in which plaintiff allegedly sustained injuries as the result of breast reduction surgery performed by defendant Eugene J. Sidoti, Jr., M.D. at Montefiore Medical Center. The basis for venue in Bronx County was Montefiore's location within that county.

Plaintiff, after completion of discovery, filed a note of issue in July 2002, and the case was called for trial on March 30, 2004, April 21, 2004, May 14, 2004 and June 7, 2004. Plaintiff continually requested adjournments and at the June 7, 2004 conference, plaintiff's counsel indicated that the action against Montefiore would be discontinued. On July 13, 2004, plaintiff executed a stipulation of discontinuance with prejudice in Montefiore's favor.

Dr. Sidoti promptly filed a motion to change venue from Bronx County to Westchester County on July 19, 2004, noting that the two remaining parties reside in Westchester County, and that plaintiff's remaining claim against Dr. Sidoti, based upon lack of informed consent, arose in that county, where Dr. Sidoti maintains his professional offices. Plaintiff, in response, argued that the initial selection of venue was proper and plaintiff's counsel, relying on a rather skewed definition of good faith, further argued that "[s]ince I could just as easily have waited until jury selection [or summation] to dismiss Montefiore, the plaintiff should not be punished for acting earlier." The motion court denied defendant's motion and we now reverse.

In those cases where venue is placed on the basis of the principal place of business of an improper party, a motion to change venue should be granted after the action is dismissed against the improper party (*Halina Yin Fong Chow v Long Is. R.R.*, 202 AD2d 154, 155 [1994]; *Caplin v Ranhofer*, 167 AD2d 155, 157 [1990]).

Here, after plaintiff acknowledged that she had no claim against Montefiore by releasing it from the action, with prejudice, there was absolutely no reason to retain venue in Bronx County. Moreover, we reject the motion court's assertion that the motion may have been untimely, as the delays were caused by plaintiff's adjournments; it was plaintiff who chose to discontinue the action against Montefiore on the eve of trial; and once the action against Montefiore was discontinued, defendant promptly filed this motion within a week (*Caplin v Ranhofer*, 167 AD2d at 157). Concur—Tom, J.P., Mazzarelli, Saxe, Ellerin and Nardelli, JJ.