■ KANTO VUSHAJ et al., Respondents, v INSIGNIA RESIDENTIAL GROUP, INC., Appellant, et al., Defendants. [855 NYS2d 117]—

Order, Supreme Court, Bronx County (Sallie Manzanet-Daniels, J.), entered on or about October 17, 2007, which denied defendant Insignia's motion for summary judgment dismissing

the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant Insignia dismissing the complaint as against it.

Plaintiff Kanto Vushaj, a handyman employee of the nonparty cooperative corporation, was injured while performing a fuse box electrical repair. Insignia, the management company, owed this plaintiff no duty to conduct inspection and maintenance of the building's removable fuse "blocks," one of which exploded while he was replacing fuses. While Insignia's agreement with the owner granted it broad authority to make repairs costing less than $2,500 (*see Stevanovic v T.U.C. Mgt. Co.*, 305 AD2d 133 [2003]), there is no evidence that—under the terms of this agreement or in actual practice—the management company's "duties included making periodic inspections and ensuring that the building was maintained in good repair" (*cf. Tushaj v Elm Mgt. Assoc.*, 293 AD2d 44, 45 [2002]). Generally, "individual liability cannot be based upon an allegation that amounts to mere nonfeasance unless plaintiff establishes, as a matter of law, that the managing agent was in complete and exclusive control of the premises" (*Hakim v 65 Eighth Ave., LLC*, 42 AD3d 374, 375 [2007]). There is an exception for situations in which a promisor is subject to tort liability for failing to exercise due care in the execution of the contract if "the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). That exception is inapplicable here because Insignia "lacked the broad authority to make all necessary repairs or to resolve tenant complaints without a special arrangement with the owner, and the owner retained the primary duty to make repairs and safely maintain the premises" (*Clark v Kaplan*, 47 AD3d 462, 463 [2008]). Another exception, for situations where the employee reasonably relies to his detriment on a defendant contractor's continuing performance of a contractual obligation to an owner (*Espinal*, 98 NY2d at 140), is also inapplicable, since there is no evidence of any such reliance by the injured plaintiff on—or even awareness of—Insignia's limited involvement with maintaining the building's electrical system.

Furthermore, there is no evidence that Insignia had actual notice of the particular fuse block defect that caused the accident (*compare Tushaj v Elm Mgt. Assoc.*, 293 AD2d 44 [2002], *supra*, *with DeVizio v Hobart Corp.*, 142 AD2d 508, 510 [1988]). Nor was there any evidence that the defect was visible or apparent, or that it existed for a sufficient length of time prior to the

accident to have allowed Insignia's employees to discover and remedy it, such as would have afforded constructive notice (*id.* at 511). Concur—Gonzalez, J.P., Nardelli, Buckley and Catterson, JJ.