(December 21, 2010)

■ MILTON MORACHO, Appellant, v OPEN DOOR FAMILY MEDICAL CENTER, INC., et al., Respondents, et al., Defendant. [914 NYS2d 102]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered September 25, 2009, which granted the motions of defendants Open Door Family Medical Center, Inc., Scully Construction Corp. and Scully Construction LLC to change venue to Westchester County, reversed, on the law, and the motions denied.

While there is no statutory time limit for a motion to change venue upon dismissal of a party whose residence provided the basis for venue, this Court has nonetheless required that such motions be made promptly (*Clase v Sidoti*, 20 AD3d 330 [2005]; *Caplin v Ranhofer*, 167 AD2d 155, 157-158 [1990]), that is, within a reasonable time after the movant obtains knowledge of the facts supporting the request (*Herrera v R. Conley Inc.*, 52 AD3d 218 [2008]; *Diaz v Clock Tower Assoc.*, 271 AD2d 290 [2000]). It also bears noting that a party need not wait for notice of entry of the order dismissing the improper party before it moves for a change of venue (*see Emerick v Metropolitan Transp. Auth.*, 272 AD2d 150 [2000] [venue motion made simultaneous with dismissal motion]).

Here, defendants may have been aware as early as February 28, 2008, 15 months before making their motion, that Primary Care Development Corporation, the sole defendant on whose residence venue in New York County was based, sought dismissal of the action against it.* Thereafter, Primary Care's September 2008 dismissal motion, made more than eight months prior to the other defendants' venue applications, was unopposed. By order entered March 4, 2009, the court dismissed Primary Care from the case. In its order, the court explicitly stated that "none of the remaining parties has any connection to New York County and that [the] case is therefor amenable to a motion to change venue."

Notwithstanding this pronouncement, the remaining defendants waited an additional three months, during which time they appeared in New York County and set a trial date, without giving any indication of a venue problem. Two months after the trial date was set, the motion was made to change venue to Westchester. Given these circumstances, the grant of the motion was an improvident exercise of discretion and an implicit endorsement of careless motion practice, in disregard of the important principles of fair notice and judicial economy (*see e.g. Herrera v R. Conley Inc.*, 52 AD3d 218 [2008]; *Schwarz v Erpf Estate*, 232 AD2d 316 [1996]; *see also Litt v Balmer*, 146 AD2d 559 [1989] [that trial date had been set was factor supporting finding that granting untimely venue change was abuse of discretion]). Concur—Gonzalez, P.J., Richter, Román, JJ.

Saxe and Nardelli JJ. dissent in a memorandum by Nardelli, J., as follows: The motion court properly exercised its authority and discretion when it granted defendants' motion to change venue to Westchester County, once the court dismissed the action as against the sole defendant whose residence was the basis for setting venue here. The majority's reversal of that order, thereby requiring the trial to be held in New York County, constitutes an undue interference with the motion court's discretion. I therefore respectfully dissent.

When this action was commenced, one of the parties, Primary Care Development Corporation, resided in New York County; accordingly, no ground was presented to demand, or make a follow-up motion for, a change of venue as of right under CPLR 511 (b). It was not until the IAS Court dismissed the action as against Primary Care Development Corporation, by order entered March 4, 2009, that the remaining defendants had grounds to move for a change of venue to Westchester County under CPLR 510 (1).

---

* This motion was apparently withdrawn.

Where the designated county is not a proper county, the CPLR requires that a party seeking a change of venue must serve a written demand either with or prior to service of the answer, and must then make a motion for that relief within 15 days after service of the demand (CPLR 511 [a], [b]).

As a rule, these statutory dictates are strictly applied. Normally, the failure to comply with either the demand requirement or the 15-day time limit of CPLR 511 results in the denial of motions for change of venue (*see Herrera v R. Conley Inc.*, 52 AD3d 218 [2008]; *Schwarz v Erpf Estate*, 232 AD2d 316 [1996]). To the extent the motion court has some discretion when the movant's venue motion is made after the expiration of the 15-day deadline, we have warned that such discretion is strictly limited (*see Simon v Usher*, 73 AD3d 415 [2010]; *Banks v New York State & Local Employees' Retirement Sys.*, 271 AD2d 252 [2000]).

However, all the foregoing cases concerned circumstances where it was possible for the movant to abide by the procedural mandates of CPLR 511 (b), because the grounds for a change of venue as of right existed at the outset. In circumstances such as these, where the designated county was proper when the action was commenced, and thereafter, the sole defendant whose residence made venue in that county proper was eliminated from the action, motions for a change of venue have repeatedly been granted, notwithstanding the absence of any prior demand in the form contemplated as a prerequisite to such a motion by CPLR 511 (*see Clase v Sidoti*, 20 AD3d 330, 331 [2005]; *Crew v St. Joseph's Med. Ctr.*, 19 AD3d 205, 206 [2005]; *Halina Yin Fong Chow v Long Is. R.R.*, 202 AD2d 154 [1994]; *Gramazio v Borda, Wallace & Witty*, 181 AD2d 428, 429 [1992]; *Caplin v Ranhofer*, 167 AD2d 155, 157 [1990]).

The right of the remaining defendants to seek a change of venue at that juncture thus arose from a new circumstance, i.e., once the improper party was removed from the action, there was no longer any justification for setting venue in the county chosen by the plaintiff. CPLR 510 (1) permits a change of venue when "the county designated for that purpose is not a proper party." Since these circumstances arose after service of the answer, the procedural and time restrictions contained in CPLR 511 that would otherwise normally limit the party's right to seek a change of venue under CPLR 510 (1) are inapplicable.

There is no authority to support the suggestion of plaintiff's counsel that we "posit" that the 15-day deadline of CPLR 511 (b) begins to run on the date of the dismissal order in such circumstances. Similarly, the majority's assertion that the motion

and cross-motion to change venue were not made "promptly" enough is not based on any controlling statutory time limits applicable to the circumstances presented.

The one statutory time limit that may arguably be applicable here is the requirement of CPLR 511 (a) that venue motions made on other grounds "shall be made within a reasonable time" of commencement of the action. In my view, defendants' motions were made within such a reasonable time.

A party's time to act in response to an order is generally counted from the time that order is served with notice of entry thereon (see e.g. CPLR 5513 [a]). Defendants' time in which to move to change venue did not begin to run until the dismissal order entered on March 4, 2009 was served on them; yet, we have no information as to when it was served with notice of entry. Of course, the date when Primary Care made its first motion to dismiss on the grounds that it was not a proper party, February 28, 2008, has absolutely no relevance to this analysis; until the actual dismissal against Primary Care, defendants had no right to bring a CPLR 510 (1) venue motion.

The present motion violated no statutory time limits, and, as the majority recognizes, the motion court was entitled to exercise its discretion in connection with this motion. The grant of this motion, made less than three months of entry of the dismissal order, was well within that discretion, and should not be disturbed by this Court.