■ RENE BAULIEU et al., Respondents, v ARDSLEY ASSOCI-ATES, L.P., et al., Appellants, and POWERHOUSE MAINTENANCE INC., Respondent, et al., Defendants. [925 NYS2d 466]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered October 13, 2010, which, in this trip and fall personal injury action, denied that branch of defendants ISJ Management Corp.'s (ISJ) and Ardsley Associates L.P.'s (Ardsley LP) motion for summary judgment dismissing the complaint and all cross claims as against ISJ; denied, with leave to renew, that branch of ISJ/Ardsley LP's motion seeking a change of venue from New York County to Westchester County; and granted defendant Powerhouse Maintenance Inc.'s (Powerhouse) motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously reversed, on the law, without costs, Powerhouse's motion denied, and the complaint and cross claims reinstated as against it, and ISJ/Ardsley LP's motion for summary judgment as to ISJ and for a change of venue as to Ardsley LP, granted. The Clerk is directed to enter judgment dismissing the complaint and all cross claims as against ISJ.

Powerhouse contracted with Ardsley LP to perform "as-needed" repair work on Ardsley LP's strip mall parking lot. Plaintiff Rene Baulieu allegedly lost her balance as she stepped down from the mall sidewalk, into the parking lot, and her right foot came into contact with a "build-up" of asphalt, which abutted the curb and sloped sharply downward to the level of the parking area. Plaintiff was allegedly "pitched-forward" and inadvertently stepped into a pothole, which caused her injury.

We find that Powerhouse did not establish prima facie entitlement to summary judgment dismissing plaintiffs' claim, which was predicated upon the first exception in *Espinal v Melville Snow Contrs.* (98 NY2d 136 [2002]; *see generally Martorel v Tower Gardens, Inc.*, 74 AD3d 651 [2010]; *Prenderville v International Serv. Sys., Inc.*, 10 AD3d 334 [2004]). Powerhouse never addressed the issue of the steep slope/macadam raised in plaintiffs' bill of particulars and deposition testimony, and Powerhouse's principals could not state with certainty whether Powerhouse had performed asphalt repair work in the area where plaintiff was injured.

In any event, even assuming, arguendo, Powerhouse had met such prima facie burden, the evidence proffered by ISJ/Ardsley LP and plaintiffs raised triable issues of fact whether the asphalt work performed by Powerhouse created an unreasonable risk of harm, or exacerbated a preexisting hazardous condition (*see Church v Callanan Indus.*, 99 NY2d 104 [2002]). The affidavit of plaintiffs' expert engineer, which was submitted in opposition to Powerhouse's motion, opined that the macadam had a dangerous slope and violated certain specified local codes and regulations. The expert affidavit should have been considered on the motion, notwithstanding that plaintiffs failed to timely disclose information about the expert before filing their note of issue. On this record, we find no evidence that plaintiffs' belated disclosure of the expert information was willful, or that it prejudiced Powerhouse, inasmuch as the specifics of the alleged macadam defect, and the codes and regulations claimed to be violated, were previously set forth in plaintiffs' bill of particulars and deposition testimony (*see generally Downes v American Monument Co.*, 283 AD2d 256 [2001]; *Jefferson v Temco Servs. Indus.*, 272 AD2d 196 [2000]).

The evidence did not raise a triable issue of fact as to whether ISJ, as managing agent to mall owner Ardsley LP, owed plaintiffs' a duty of care. ISJ established that its management of the premises was not comprehensive or exclusive (*see Espinal*, 98 NY2d 136). While ISJ employees performed bookkeeping for the mall, fielded complaints from tenants regarding the mall

premises, and contacted contractors to perform repairs at the mall when needed, inspection of the premises was conducted by a separate independent contractor (Raho), and Raho would perform minor repairs. Substantial repairs, having a cost of $5,000 or more, had to be approved by the owner. The owner paid for all repairs, and whether the owner had sufficient money at a given time dictated the extent of allowable repairs. Such evidence precluded a finding that ISJ had authority over the management of even minor repairs at the mall (*see Vushaj v Insignia Residential Group, Inc.*, 50 AD3d 393 [2008]).

While there was evidence that ISJ was given prior notice of the pothole defect in front of the Sunnydale store (*see e.g. Tushaj v Elm Mgt. Assoc.*, 293 AD2d 44 [2002]), and that it was ISJ's duty to make arrangements to remedy the defect, financial issues regarding asphalt repair still remained largely within Ardsley LP's control. Indeed, the defects at issue which allegedly contributed to Baulieu's fall appear to involve substantial cost to repair (i.e., potential correction of the macadam slope along the 241-foot curbline, in addition to pothole repair). On this record, it may not be reasonably inferred from the facts that a triable issue exists whether ISJ had comprehensive control and authority over remedying the alleged property defects that plaintiffs' claimed contributed to the fall and injury.

With dismissal of ISJ from the action, that branch of ISJ/ Ardsley LP's motion that sought a change of venue to Westchester County should be granted, as venue in New York County was predicated solely upon ISJ's principal place of business in such county (*see Moracho v Open Door Family Med. Ctr., Inc.*, 79 AD3d 581 [2010]; *Halina Yin Fong Chow v Long Is. R.R.*, 202 AD2d 154 [1994]), and the remaining parties in the action either reside in Westchester County or are agreeable to a change of venue to that county (*see e.g. Gramazio v Borda, Wallace & Witty*, 181 AD2d 428 [1992]). Concur—Andrias, J.P., Friedman, Sweeny, Renwick and Román, JJ. **[Prior Case History: 2010 NY Slip Op 32272(U).]**