Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered October 14, 2011, which denied defendant’s motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted, without prejudice to plaintiff’s commencing a new action in a representative capacity on behalf of the Faile Street Housing Development Fund Corporation Condominium (Faile Condominium) with respect to the common elements and finances.
*910 Plaintiff, who owns a unit at the Faile Condominium, lacks standing to sue individually for injury to the common elements or finances (see e.g. Leonard v Gateway II, LLC, 68 AD3d 408, 410 [1st Dept 2009]; Caprer v Nussbaum, 36 AD3d 176, 186, 190, 192, 204-205 [2d Dept 2006]). Accordingly, the complaint should be dismissed to the extent plaintiff claims that defendant performed sloppy repairs on the roof (a common element), that the roof needs further repairs, that the hot water heater, furnace, pumps, and/or building doors need to be repaired or replaced, that pipes that are common elements need to be sealed, that defendant has failed to collect common charges, and that defendant has failed to pay Con Edison (resulting in lack of power in the common areas). However, the dismissal does not preclude plaintiff from commencing a derivative action on the condominium’s behalf (Di Fabio v Omnipoint Communications, Inc., 66 AD3d 635, 637 [2d Dept 2009]).
Plaintiffs claims against defendant with respect to his individual unit should be dismissed because the condominium’s bylaws provide that repairs and replacements to the units are the responsibility of the unit owners. In addition, the contract between defendant and the Faile Condominium appoints defendant the managing agent with respect to the common elements only. Therefore, plaintiff — not defendant — is responsible for the windows, pipes (to the extent they are not a common element), cracked kitchen floor, and radiator covers in his unit.
Contrary to the motion court, we do not find that defendant was in complete and exclusive control of the premises. For example, it could not make repairs costing more than $2,000 or sue delinquent unit owners for overdue common charges without the condominium’s authorization, and all repairs and lawsuits were at the condominium’s expense (see e.g. Vushaj v Insignia Residential Group, Inc., 50 AD3d 393 [1st Dept 2008]; Baulieu v Ardsley Assoc., L.P., 85 AD3d 554, 555-556 [1st Dept 2011]). Concur — Friedman, J.P., Acosta, Abdus-Salaam, Manzanet-Daniels and Román, JJ.