■ Cory Farrington, Respondent, v Fordham Associates, LLC, et al., Appellants, et al., Defendants. [13 NYS3d 17]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about October 21, 2014, which denied defendants Fordham Associates, LLC, Bally Total Fitness Corporation, Bally Total Fitness of Greater New York, Inc., and Fine Line Restoration, LLC's motion to change venue of the action to Nassau County, unanimously affirmed, without costs.

Plaintiff commenced this Labor Law action in Bronx County, designating venue on the basis of his residence there. However, at his deposition, plaintiff testified that he had been living in Kings County, in a shelter facility, for about 15 months. About three months later, after giving plaintiff time to sign the dep-

osition transcript (CPLR 3116 [a]) and serving a demand for change of venue, defendants moved for change of venue, since plaintiff's testimony indicated that he had been living in Kings County at the time he commenced the action.

Under these circumstances, defendants were excused from complying with the time requirements of CPLR 511 for a motion to change venue, but they were required to move "promptly," i.e. within a "reasonable time" after they obtained knowledge of the facts supporting their request (*Moracho v Open Door Family Med. Ctr., Inc.*, 79 AD3d 581, 581 [1st Dept 2010]). The motion court denied their motion on the ground that their three-month delay in moving was unreasonable. We find that change of venue is not warranted in any event. The shelter could be considered a residence for venue purposes, given plaintiff's prolonged stay there (*see Leetom v Bell*, 68 AD3d 532 [1st Dept 2009]). However, a person may have two residences for venue purposes (CPLR 503 [a]). In opposition to the motion, plaintiff demonstrated through his affidavit and supporting documentary evidence that his residence at the Brooklyn facility was temporary and that he never "intended to abandon or surrender" his residence with his mother in Bronx County, which he viewed as his permanent home (*see Clarke v Ahern Prod. Servs.*, 181 AD2d 514, 515 [1st Dept 1992]). Among other things, plaintiff still kept personal belongings there, spent time and stayed there, received all mail there, and used that address on his state identification card. Concur—Tom, J.P., Renwick, Moskowitz, Manzanet-Daniels and Feinman, JJ.