■ CESAR VILLANUEVA, Appellant, v 80-81 & FIRST ASSOCIATES et al., Respondents, et al., Defendant. [33 NYS3d 895]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered March 11, 2015, which, to the extent appealed from as limited by the briefs, granted defendant Standard Waterproofing Corp.'s motion for summary judgment dismissing the complaint as against it, and granted defendants 80-81 & First Associates, Resnick Construction Corp., and Jack Resnick & Sons' motion to change venue, unanimously affirmed, without costs.

Defendant Standard Waterproofing Corp. established prima facie that it was not the owner or the general contractor or the statutory agent of either for the purposes of the Labor Law and that it did not supervise or control the injury-producing work (*see Keenan v Simon Prop. Group, Inc.*, 106 AD3d 586, 589 [1st Dept 2013]). The evidence shows that Standard was, at most, a prime contractor, and therefore not liable under Labor Law § 240 or § 241 for injuries caused to the employees of other contractors with which it was not in privity of contract, since it had not been delegated the authority to supervise and control plaintiff's work (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317-318 [1981]). In opposition, plaintiff failed to raise an issue of fact. The contractual provisions in the cost breakdown letter that he relies upon refer solely to Standard's obligations in performing its contracted aluminum capping and cladding work; they do not establish that Standard had any supervisory control over the work site.

The court properly granted the motion to change venue since the complaint was dismissed as against both defendants whose principal places of business formed the basis for venue in Bronx County (*see Baulieu v Ardsley Assoc., L.P.*, 85 AD3d 554, 556 [1st Dept 2011]; *Clase v Sidoti*, 20 AD3d 330 [1st Dept 2005]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Andrias, Webber and Gesmer, JJ.