Lopez v Limpiex Cleaning Servs., Inc. (2021 NY Slip Op 06045)





Lopez v Limpiex Cleaning Servs., Inc.


2021 NY Slip Op 06045


Decided on November 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 04, 2021

Before: Gische, J.P., Mazzarelli, Shulman, Pitt, Higgitt, JJ. 


Index No. 26079/17E Appeal No. 14541 Case No. 2020-02894 

[*1]Dory Lopez, Plaintiff-Appellant-Respondent,
v
Limpiex Cleaning Services, Inc., Defendant-Respondent, Action Carting Environmental Services, Inc., Defendant-Respondent-Appellant.


Krentsel Guzman Herbert, LLP, New York (Marcia K. Raicus of counsel), for appellant-respondent.
Chesney, Nicholas & Brower LLP, Syosset (William Crowe of counsel), for respondent-appellant.
Law Office of James J. Toomey, New York (Michael J. Kozoriz of counsel), for respondent.



Order, Supreme Court, Bronx County (Donald Miles, J.), entered June 29, 2020, which granted the motion of defendant Limpiex Cleaning Services, Inc. for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.
Defendant established its prima facie entitlement to judgment as a matter of law in this action where plaintiff was injured when she slipped and fell on an oil slick on the sidewalk abutting the premises where defendant contracted to provide janitorial services, and the record fails to show that an issue of fact exists as to whether the enumerated exceptions of Espinal v Melville Snow Contrs. (98 NY2d 136 [2002]) extending tort liability to an independent contractor, were applicable here. Defendant did not launch a force or instrument of harm in failing to exercise reasonable care in the performance of its duties. Plaintiff never alleged that defendant caused or exacerbated the oil slick, but instead claimed that it was caused by an oil leak from a recycling truck. Nor did plaintiff detrimentally rely on defendant's continued performance of its contractual obligations, as she was not aware of a janitorial contract at the building and had never heard of defendant before her fall (see Vasquez v Port Auth. of N.Y. and N.J., 100 AD3d 442 [1st Dept 2012]; Vushaj v Insignia Residential Group, Inc., 50 AD3d 393, 394 [1st Dept 2008]).
Defendant also did not entirely displace the building owner's duty to maintain the premises safely. The janitorial agreement provided that the building owner had the right to inspect and test all services called for by the contract, and if any of the services did not conform with the contract requirements, it could require defendant to perform the services again in accordance with the contract. The agreement also provided that the building owner had the overall responsibility for the administration of the contract, and was responsible for the day-to-day inspection and monitoring of defendant's work (see Vasquez, 100 AD3d at 442).
Defendant's motion was not precluded by the doctrine of collateral estoppel. Plaintiff commenced a prior action in the US District Court for the Southern District of New York against the United States and Limpiex. The court granted the United States' motion to dismiss on the ground that the government did not waive sovereign immunity under the Federal Tort Claims Act. The sole issue before the court was whether it had subject matter jurisdiction. It did not consider whether defendant owed a duty of care to plaintiff, or whether defendant completely displaced the United States' duty to safely maintain the premises where plaintiff's accident occurred. Defendant therefore did not have a full and fair opportunity to litigate those issues (see Browning Ave. Realty Corp. v Rubin, 207 AD2d 263, 266 [1st Dept 1994], lv denied 85 NY2d 804 [1995]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST [*2]DEPARTMENT.
ENTERED: November 4, 2021