Paul Robeson Houses Assoc. v Francis (2020 NY Slip Op 51527(U))

[*1]

Paul Robeson Houses Assoc. v Francis

2020 NY Slip Op 51527(U) [70 Misc 3d 130(A)]

Decided on December 18, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 18, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Cooper, J.P., Higgitt, McShan, JJ.

570164/20

Paul Robeson Houses Associates,
Plaintiff-Respondent, 
against
Laverne Francis, Defendant-Appellant.

Defendant appeals from an order of the Civil Court of the City of New York, New York
County (Denise M. Dominguez, J.), entered January 3, 2020, which denied her motion to renew a
prior order denying her motion to vacate a default judgment.

Per Curiam.
Order (Denise M. Dominguez, J.), entered January 3, 2020, reversed, without costs, renewal
granted, and upon renewal, default judgment vacated on condition that within 60 days after
service of a copy of this order with notice of entry, defendant tenders $150 to plaintiff.
Although renewal motions generally should be based on newly discovered facts that could
not have been offered on the prior motion (see CPLR 2221[e]), courts have discretion to
relax this requirement and grant such a motion in the interest of justice (see Mejia v
Nanni, 307 AD2d 870, 871 [2003]). Under the unique circumstances here, and to achieve
substantial fairness (see Tishman Constr. Corp. of NY v City of New York, 280 AD2d
374, 376-377 [2001]), we grant defendant's renewed motion to vacate the default judgment, since
defendant offered a "reasonable justification" for failing to submit the new evidence on her
original pro se motion and the new evidence "would change the prior determination" (CPLR
2221[e][2],[3]). In this regard, defendant set forth a reasonable excuse for defaulting on plaintiff's
March 15, 2017 motion to reinstate the default judgment, inasmuch as that motion was served at
a prior address and not served upon defendant at her current residence, the address designated in
the parties' September 1998 stipulation of settlement.
Defendant also established a meritorious defense to the underlying motion. In the September
1998 stipulation settling this action, defendant agreed to pay a total of $3,500, by an initial
$1,500 payment and monthly installments until the balance was satisfied. In the event of a
breach, defendant could enter judgment for $7,370, plus interest, less any payments made by
defendant under the stipulation.
It is undisputed that, except for the final payment of the $150 balance due under the
stipulation, defendant tendered and plaintiff accepted all installment payments. Although the
[*2]final payment was tendered by defendant, it was rejected as
untimely by plaintiff.
In these circumstances, and considering defendant's overall compliance with the stipulation,
the minor nature of the default and the harsh result which would obtain upon literal enforcement
of the stipulation, to wit, a judgment in an amount far greater than the negotiated settlement
(see Bank of NY v Forlini, 220 AD2d 377, 378 [1995]), we afford defendant the
opportunity to make full payment of the final $150 payment due, in full satisfaction of the
stipulation of settlement.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: December 18, 2020