Leger v Westbeth Hous. Corp. HFDC (2020 NY Slip Op 51528(U))

[*1]

Leger v Westbeth Hous. Corp. HFDC

2020 NY Slip Op 51528(U) [70 Misc 3d 130(A)]

Decided on December 18, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 18, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Cooper, J.P., Higgitt, McShan, JJ.

570169/20

Jacqueline Leger, Plaintiff-Appellant, 
against
Westbeth Housing Corp. HFDC,
Defendant-Respondent.

Plaintiff appeals from an order of the Civil Court of the City of New York, New York
County (Judy Kim, J.), entered January 7, 2020, which granted defendant's motion to dismiss the
action at the close of plaintiff's case.

Per Curiam.
Order (Judy Kim, J.), entered January 7, 2020, affirmed, without costs.
The trial court correctly dismissed the action at the close of plaintiff's case. Even affording
plaintiff-tenant every favorable inference that reasonably could be drawn from the evidence
adduced at trial (see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]), we agree that she
failed to establish a prima facie case against defendant-landlord for breach of the lease or breach
of the warranty of habitability (see Real Property Law § 235-b) based upon alleged
"abuse by a noise apparatus [for] over five years as a harassment tool orchestrated by defendant."
Plaintiff failed to adduce legally sufficient evidence of any type of "noise apparatus" or
ultrasound device was, as plaintiff asserted, beneath the floorboards, within the insulated ceiling
or elsewhere, or that defendant landlord caused or failed to remedy the condition, after notice.
Nor did plaintiff present any expert testimony that the decibel level was excessive (see Park
W. Mgt. Corp. v Mitchell, 47 NY2d 316, 328 [1979], cert denied 444 US 992
[1979]).
Plaintiff's remaining claims either did not set forth a cognizable cause of action or the
evidence did not permit the trial court, as a rational factfinder, to conclude that a prima facie case
was established on those claims.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 18, 2020